## Moore, Jr., et al. v. Racine Rubber Company.

(Decided December 6, 1921.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. Corporations—Foreign Corporations—Engaged in Business.—A foreign corporation is engaged in business in this state within the meaning of subsection 6 of section 51 of the Civil Code, which, through the manager of one of its departments, enters into a contract in this state with a citizen of this state which is thereafter recognized by the foreign corporation, when under the terms of that contract there are continued transactions between the foreign corporation and a citizen of this state, although the agent of such corporation was a non-resident of this state and although the foreign corporation had only the one customer in this state, but had a series of transactions with that customer growing out of the contract made in this state with its agent.

2. Corporations—Foreign Corporations—Course of Business.—When a non-resident corporation has a number of transactions with a resident of this state under a contract made by its agent in this state, although its transactions therein be confined to business with one firm or person or corporation, it is a course of business established therein, and it is immaterial that it has only one customer therein.

3. Corporations—Foreign Corporations—Doing Business in State.—Where the agent of a foreign corporation through whom a resident of this state has made a contract which is subsequently recognized by the corporation, thereafter comes to Kentucky three times within a period of fifteen months for the purpose of seeing the plaintiffs, who were the only customers of the corporation in this state, makes during that period a contract for his company which is recognized thereafter by the company, and during those trips assumed to act for the company in the adjustment of controversies with its only customer, and there was no other agent of the company through whom the plaintiffs had ever done any busi-

ness with it, such a representative had charge of the business for his company in this state and the defendant thereby manifested its presence in this state for the purpose of doing business therein.

W. J. O'CONNOR far appellants.

WILLIAM MARSHALL BULLITT, GROVER G. SALES and BRUCE & BULLITT for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Appellants, in October, 1919, filed this ordinary action against appellee, a foreign corporation, alleging that they had been in the years 1918 and 1919 engaged in Louisville, Kentucky, in the sale of rubber, cement and other materials used in the manufacture of automobile tires, and that during the months of May and June, 1919, they had bought all of such materials from the defendant and that defendant, knowing the nature and condition of the plaintiff's business, shipped to the plaintiffs and their customers materials of an inferior quality, although plaintiffs had ordered the very best of these goods, by reason of which the plaintiffs had lost all of their customers, and their business had been practically destroyed, and that because of the shipment by the defendant of such inferior goods to the plaintiffs' customers the plaintiffs have been damaged, and pray judgment therefor.

The return on the summons issued on the petition is as follows:

"Executed January 21, 1920, on Racine Rubber Company by delivering a copy of the within summons to R. B. Crane, agent for the Racine Rubber Company, he being chief officer found in this county at this time."

The defendant entered its special appearance for the sole purpose of objecting to the jurisdiction of the court and entered a motion to quash the return upon the summons upon the grounds, (1) that defendant was a foreign corporation and was not engaged in any business in Kentucky at the time the process was served or at the time negotiations or transactions between the plaintiffs and defendant, as alleged in the petition, were pending, or at any time; (2) that Crane, upon whom the process was executed, was not its president, vice president, secretary, librarian, cashier, treasurer, clerk or managing agent, nor was he the agent of the defendant in any business in the state of Kentucky, or in the business alleged

in the petition, or the person in charge of any business for the defendant in the state of Kentucky or of any such business as is alleged in the petition at the time the summons was served; (3) that Crane was not an agent of any description of the defendant at the time the summons was served upon whom process could be served.

A number of affidavits were filed upon the hearing of this motion by both plaintiffs and defendant, and the trial court sustained the motion and quashed the service of the summons. Plaintiffs thereafter entered a motion to set aside the order quashing the return on the summons, which was overruled, and then in writing refused to have any further summons or process issued or to take any further steps therein, whereupon the petition was dismissed, and plaintiffs prayed an appeal to this court. Speckert v. Ray, 166 Ky. 622. The affidavits disclosed that defendant was a Wisconsin corporation having its principal office and place of business at Racine in that state and was engaged in the selling of automobile tires and various accessories associated therewith; that defendant did not at the beginning of this action and has never had any resident agent or any office or branch house or place of business in the state of Kentucky; that Crane, upon whom the process was served, was an employe of the Racine Rubber Company and known as sales manager of the sundries department thereof and that his duties as such were superintending and promoting the trade in such materials, making prices and terms, traveling in the interest of the company, calling upon customers and ascertaining their present and probable requirements, interesting new customers and explaining the qualities and methods of using the defendant's goods: that a short time prior to the 25th of October, 1918, Crane met Stivers, a member of the plaintiffs' firm, at Cincinnati, Ohio, and made him certain prices upon his company's goods, which prices were later confirmed by letter to plaintiffs on the 25th of October, 1918, written from the company's office at Racine; that prior to October, 1918, the I. J. Cooper Company, of Cincinnati, Ohio, had the exclusive right of sale of defendant's goods within the state of Kentucky and, with the exception of goods sold to the plaintiffs since that date, still has such exclusive right in this state; that all goods sold by the defendant to the plaintiffs were sold under the arrangement thus made in Ohio except that thereafter, in April, 1919, Crane, while in Louisville, made a new set of prices to the plain-

tiffs and entered into a new contract or arrangement under which all goods were thereafter shipped to them or their customers; that Crane between October, 1918, and January, 1920, when the service was had upon him, made at least three trips to Louisville, Kentucky, and it must be assumed as defendant sold to no other persons in Kentucky those trips were made specially to see the plaintiffs and transact business with them; that on the day he was served with process and prior thereto he had called at plaintiffs' place of business but had failed to see them.

While it is stated in some of the affidavits filed by the defendant that Crane at the time he was served with process was merely on a "casual visit" to Louisville and that he was not sent there specially on business for the company with plaintiffs or other persons, it is perfectly clear from the evidence that as defendant had only one customer in Kentucky and that customer the plaintiffs, Crane's three trips to that city in a period of little more than one year were made as the representative of the defendant and only for the purpose of transacting business for it with the plaintiffs.

The affidavits for the plaintiffs show that all its business relations had with the defendant and the contracts with it for the purchase of goods were had and made through and by R. B. Crane, its sales manager, and the only manager or agent it had in charge of its affairs in the state of Kentucky; that at the time of the filing of the action in October, 1919, Crane was in Louisville negotiating with the plaintiffs for a settlement of accounts and claims between them growing out of the purchase by the plaintiffs of goods of the defendant and the claims of the plaintiffs against the defendant because of the alleged inferior quality of the goods shipped by defendant to plaintiffs and their customers, but left the city before summons could be served upon him; that on the date the summons was served Crane had a conversation with a member of plaintiffs' firm looking to a settlement or adjustment of an account held by the defendant against the plaintiffs and the claim of the plaintiffs for damages growing out of the alleged shipment to plaintiffs' customers of inferior goods; that in October, 1919, when Crane was in Kentucky, he came on the special business of settling the controversy as aforesaid between the plaintiffs and defendant and upon that occasion made a proposition of settlement to the plaintiffs, and upon his subsequent visit in January, 1920, he made another and

different proposition of settlement, and while Crane in his affidavit denies that upon either of those occasions he agreed to make any compromise or allowance on account of the inferior quality of goods alleged to have been furnished by defendant, he admits that upon each of those occasions there was some conversation about an adjustment and settlement of the conflicting claims between the parties.

The affidavits further show that all the alleged inferior goods, the sale of which is the basis of the plaintiffs' claim for damages, were shipped to them and their customers under the new contract or agreement made by Crane with them in Louisville during April, 1919.

So the questions are: (1) Was the defendant "engaged in business in this state" within the meaning of subsection 6 of section 51 of the Civil Code? and (2) was Crane, "the manager or agent of or person in charge of such business in this state in the county where the business is carried on or in the county where the cause of action occurred" so as to authorize the service of process upon him? On the question whether defendant was engaged in business in this state the case of International Harvester Company v. Commonwealth, 147 Ky. 655, would seem to be conclusive. There it was held that under the provisions of our Code (subsection 6, section 51), although the agent of a foreign corporation was a non-resident and had no place of business in this state, but if he supervised and attended to all the business of the corporation in this state the corporation is carrying on business therein and the agent has charge of such business within the meaning of that subsection, and service of summons may be had upon him.

In this case it is shown by the affidavits that Crane was the only person through whom the plaintiffs have transacted any business with the appellee; that, in the first place, one of the plaintiffs met him in Cincinnati and there arranged a schedule of prices by which they were to be governed in their transactions and that subsequently the same agent came to Kentucky and made a different agreement with them with reference to such prices, and that the corporation recognized that latter agreement; that all the transactions involved in the suit filed by the plaintiffs were had under the latter contract and thereafter the same agent, acting for the same principal, visited Kentucky not less than three times within a short period and transacted business with them for his principal; that

although the defendant had only one customer in the state of Kentucky (the plaintiffs), there was thereby established by the plaintiffs and the defendant a course of business through their said agent and the defendant.

In the International Harvester case referred to there was a course of business between its agent and a great number of persons in the state of Kentucky, whereas in this case there was a course of business established by frequent transactions between the defendant, through its agent, and the plaintiffs, although the plaintiffs happened to be the only customer which the defendant had in this state. It has been held that a single transaction by a non-resident corporation does not establish a course of business; but we have here a non-resident corporation establishing a course of business with one customer through a series of transactions. It may readily be understood why a single transaction between a non-resident defendant and a resident of this state would not constitute the doing of business in this state; but when a non-resident corporation in a comparatively short period of time has a number of transactions with a resident of this state, although its transactions be confined to one person or firm or corporation, still it is a course of business established in this state and it matters not that it has only one customer therein.

For the purposes of acquiring jurisdiction by the courts of this state what matters it to the resident therein whether the foreign corporation does business with a great number of its people, or whether it does business with only one of them, if by its conduct it shows its purpose to do business therein, even though it be only with a single person or firm?

In other words, we think that a foreign corporation may, within the meaning of our statute, be engaged in business in this state although it has only one customer therein. The evidence shows unmistakably that after the Cincinnati meeting between Crane and one of the plaintiffs Crane thereafter periodicaly came to Kentucky for the sole purpose of soliciting business from the plaintiffs and transacting business with them, and it is our opinion that his several visits to Kentucky to see them on the defendant's business constituted such a course of dealing as that the defendant was doing business in Kentucky within the meaning of our statute. International Harvester Co. v. Commonwealth, 147 Ky. 655; International Harvester Co. v. Kentucky, 234 U. S. 579.

In so holding we are not unmindful of the rule laid down by the Supreme Court of the United States in the latter case that a foreign corporation to be subject to process from the state courts must have been carrying on business therein in such sense as to manifest its presence within the state. Here we have Crane as the agent of defendant coming to Kentucky at least three times within a period of fifteen months for the only purpose of seeing the plaintiffs, the only direct customer in this state of the defendant; we find him making for his company during that period a contract with reference to prices, which is thereafter recognized by the company; we find him during those trips assuming to act for the company in the adjustment of controversies with its only customer, and no fair inference can be drawn other than that he had charge of the business for his company in this state, and that defendant thereby manifested its presence in this state for the purpose of doing business therein.

It is therefore our opinion that the defendant was engaged in business in this state by its several transactions with the plaintiffs, and that Crane was its agent or person in charge of such business therein within the meaning of our Code provisions.

Judgment is therefore reversed with directions to overrule defendant's motion to quash the return on the process.