## J. H. SECHRIST v. BOARD OF COMMISSIONERS OF GUILFORD COUNTY.

(Filed 7 June, 1921.)

1. **Constitutional Law — Amendments — School Districts — Private and Local Laws.**

   An act automatically creating a school district coterminous with the lines of a certain township in a county, if the voters should by their ballot approve of bonds to be issued and taxes levied for the maintenance, etc., of the school district for certain purposes named in the act, is invalid under the recent amendments to our Constitution (Art. II, sec. 29), prohibiting the General Assembly from passing any local, private, or special act or resolution relating to the establishing, etc., or changing the lines of school districts. *Fairmont Graded School District v. Mutual Loan and Trust Co., ante,* 306, cited, approved, and applied.

2. **Constitutional Law—School Districts—Bonds—Taxation.**

   Where an act to create a public school district is unconstitutional, Art. II, sec. 29, the provision for bonds and taxation to carry out the purposes of the act are likewise void.

3. **Constitutional Law— Validating Statutes— Voidable Statutes— Void Statutes.**

   The Legislature may validate voidable prior acts of legislation, but not those which are absolutely void as being without constitutional authority to enact them.

APPEAL by plaintiff from *Finley, J.,* 26 May, 1921, from GUILFORD.

*Roberson & Dalton for plaintiff.*
*John N. Wilson for defendant.*

PER CURIAM. This is a controversy without action, tried and decided below upon a case agreed, the following being the facts:

Plaintiff asked for an injunction to restrain defendants from issuing certain bonds and levying certain taxes for graded school purposes. The injunction was refused, and plaintiff appealed.

The General Assembly of North Carolina, at its extra session in 1920, passed an act entitled "An act to establish a high school district of High Point Township, Guilford County, and to issue bonds with which to build and equip a high school building, and to provide for the payment of said bonds and for the maintenance and government of said school," ratified 20 August, 1920, constituting chapter 9 of the Private Laws of 1920, Extra Session. The said act provided that an election should be held in High Point Township, in the county of Guilford, on the question of issuing bonds of the High Point Township Central High School District for the purpose of erecting a school building and levying a tax on all taxable property and polls in said township

for the purpose of paying the principal and interest of said bonds, and levying an additional tax on said property and polls for the purpose of maintaining said school; and further provided that if a majority of the qualified voters of High Point Township voted in the affirmative on said question the territory of High Point Township should constitute a central high school district, to be known and designated as the High Point Central High School District, and that the board of commissioners of the county of Guilford should issue said bonds and levy said taxes. The said act was amended by an act entitled "An act to amend chapter 9 of the Private Laws of 1920, Extra Session, relating to the High Point Township Central High School District," ratified 7 March, 1921, but the amendatory act is not involved in the questions presented in this case.

At an election held in High Point Township on 18 January, 1921, a majority of the qualified voters of said township voted in favor of the issuance of said bonds and the levying of said taxes, as provided in said chapter 9 of the Private Laws of 1920, Extra Session. At said election the voters voted for and against the issuance of said bonds and the levying of said taxes (both the taxes for the payment of said bonds and the taxes for the maintenance of said school) as a single proposition, those voting in the affirmative having voted a ballot upon which were printed or written the words "For High School Bonds," and those voting in the negative having voted a ballot upon which were printed or written the words "Against High School Bonds."

At its regular session held in the year 1921 the General Assembly of North Carolina enacted an act entitled "An act validating elections on school bonds and school taxes, and establishing the boundaries of school districts, and providing for their incorporation," ratified 5 March, 1921. This latter act provided for the validation of bonds and taxes for which a majority of the votes had been cast and of the elections at which such majority of votes were cast, notwithstanding that there were irregularities therein or no statutory authority therefor, and further provided that "the tax and bonds so voted are hereby authorized to be levied or issued, as the case may be, in accordance with the proposition so adopted at said election, and in accordance with the statute or supposed statute, whether constitutional or unconstitutional, under which said vote, acts, and proceedings were had, done and taken, and no further vote of the people shall be necessary to authorize such tax levy or bond issue."

There were three questions raised in the case:

1. Is the act of 1920 authorizing the issue of bonds and the levy of taxes for the specific purpose mentioned in the act valid legislation?

2. Could the two propositions, for school and maintenance, be voted for on one and the same ballot?

3. If the act is invalid or the method of voting illegal, could the Legislature validate the bonds and tax levies as it attempted to do?

We think that a consideration of the first of the propositions will, according to our view, dispose of the other two.

The Legislature directed that an election should be held to determine whether the bonds should be issued and the taxes levied, as provided, and that if a majority voted for the bonds and taxes the school district, to be known as "High Point Central High School District," should thereby be automatically created and established, the boundaries of which should be coterminous with those of High Point Township. This was, therefore, a new school district whose boundaries or "lines" were fixed, determined, and established by the act in question. These facts bring the case squarely within the principle of *Board of Trustees of Fairmont Graded School District v. Mutual Loan and Trust Company, ante,* 306. In that case, dealing with similar and practically the same facts, *Justice Hoke* said for the Court: "Among the amendments to the Constitution ratified and becoming effective 10 January, 1917, was one appearing in section 29, Article II, to the effect 'That the General Assembly shall not pass any local, private, or special act or resolution (among others) relating to establishing or changing the lines of school districts'; and further, that any local, private, or special act or resolution passed in violation of the provisions of this section shall be void. 'The General Assembly shall have power to pass general laws regulating matters set out in this section.' The statute in question here purporting to authorize the formation of this district, and under which the proposed bonds are to be issued, is both special and local and in our opinion comes directly under the constitutional provisions to which we have referred, and this conclusion is not affected because it is a graded school. This applies merely to the method of conducting the school which is becoming more or less general in all schools supported by taxation, and does not withdraw the present district from the force and effect of the plain and comprehensive words of the inhibition 'that no local or private or special act shall be passed establishing or changing the line .of school districts.' It is contended for the appellee that a school district having been held a *quasi*-public corporation like towns, cities, and other governmental agencies, the same is not withdrawn from control of the Legislature, by special enactment or otherwise, under the principle of the recent case of *Kornegay v. Goldsboro,* 180 N. C., 441. That decision, however, referred only to those corporations of governmental character coming under, and only affected by the amendments to Article VIII, sections 1, 2, 3, 4, and does not and is not intended to affect or control legislation of this kind, which is in direct violation of the express provision

of Article II, section 29, as stated." And again: "Here the bond issue is to provide for the erection of .buildings and maintenance of the graded school, that is its only purpose, and the establishment of the school being prevented because in violation of the constitutional inhibition, the bond issue necessarily fails with the principal and only purpose for which it was authorized."

The two cases cannot be distinguished, either as respects their facts or the principle of law which is common to both and must govern them. The Legislature has attempted to do something which is clearly forbidden by the Constitution, and which, therefore, is beyond its authority. If the school district cannot be established, it follows inevitably that the bonds cannot be issued, as there is no obligor for whom or in whose name they can be executed. As said in the *Fairmont Graded School case, supra:* "The Fairmont Graded School has not been established as required by our Constitution, and the proposed bond issue, which is entirely dependent upon it, and authorized only for the purpose of maintaining it, may not be proceeded with." The statute is itself invalid and nothing valid can therefore rest upon it. *Ex nihilo nihil fit.*

The other questions need hardly be considered. The Legislature manifestly could not validate what it had no power originally to enact. It can validate voidable acts but not those which are absolutely void and which it is without constitutional authority to enact. 8 Cyc., 768; *Marshall v. Stillman,* 61 Ill., 218; *People v. Lynch,* 51 Calif., 15. In the *Marshall case* it is said that, "in case of such a void proceeding, the Legislature has no power, under the Constitution, to pass a law rendering the election and subscription valid." The same doctrine is stated in *Anderson v. Wilkins,* 142 N. C., 153, that the Legislature can only validate those proceedings which it could have authorized in advance. 6 A. & E. (2 ed.), 940.

The remaining question as to the dual ballot need not be discussed. If the election is void, it would be idle to inquire whether a particular form of ballot is legal or illegal.

Counsel for defendant has asked us to reconsider the case of *Board of Trustees of Fairmont Graded School District v. Mutual Loan and Trust Co., ante,* 306, but we must decline to do so as we are more convinced than ever that it was correctly decided in every particular. It is not at all in conflict with any prior decision upon the same subject, but is in perfect harmony with all of them.

We conclude that the judge erred in deciding with the defendant. Judgment should have been given for the plaintiff, and it is so ordered.

Reversed.