O. V. WOOSLEY v. COMMISSIONERS OF DAVIDSON COUNTY.

(Filed 16 November, 1921.)

1. **School Districts—Counties—Education—Statutes—Constitutional Law —High Schools—Divisions—Segregation of Pupils.**

Our statutes providing that the county board of education shall divide the townships, or the entire county, etc., into convenient school districts, etc., C. S., 5469, and authorizing and empowering the board to redistrict the entire county and consolidate school districts, etc., C. S., 5473, was passed in pursuance of Article IX, section 3, of the State Constitution, and refers to the establishment, consolidation, etc., of districts in the sense of territorial or geographical regions, and not to the dividing or segregation of the pupils; and an attempt of the county board of education thereunder to form a high school district in a territory comprised of several public school districts, is without authority and invalid. As to whether this may be done under the Public Laws of 1921, ch. 179, is neither before the Court nor decided on this appeal.

2. **School Districts — Bonds— Taxation— Counties— Statutes—Constitutional Law—Local Laws—Injunction.**

An act which authorizes a high school district, sought to be established under an invalid resolution of the county commissioners, to issue bonds and levy taxes for school purposes, is itself invalid to confer such authority; and an act for the purpose of ratifying such ordinance, passed since the adoption of Const., Art. II, sec. 29, is a local, private, or special act thereby prohibited; and the issuance of such bonds and levy of such taxes, will be permanently enjoined.

APPEAL by defendant from *Webb, J.,* at chambers, 14 October, 1921, from DAVIDSON.

Controversy without action, heard upon an agreed statement of facts, the material and controlling parts of which are as follows:

"1. That the board of education of Davidson County in meeting duly assembled on 16 February, 1921, created or attempted to create a school district, to be known as the Lexington High School District, by adopting the following resolution by unanimous vote, all the commissioners present and voting:

" 'Be it resolved by the board of education of Davidson County, that it is in the opinion of the said board for the best interest and for the educational advantage of the residents of the following named school districts, to wit, Dacotah District, Fowler District, Hargrove District, Greenwood District, Pilgrim District, Nakomis District, Southside District, and Lexington District, that a high school district be created to comprise the said districts.

" 'Therefore, be it further resolved, that a high school district, to be known as the Lexington High School District, comprising the districts above set forth, be, and the same is hereby, created.'

"That prior to 16 February, 1921, no school district was in existence containing as a whole the territory now embraced in the alleged school district known as the Lexington High School District, and no other or further action than that set forth above has been taken by the county board of education in relation to the creation of said school district.

"2. That the General Assembly of North Carolina, at its regular session of 1921, passed an act (not yet published in book form) entitled, 'An act to authorize the Lexington High School District of Davidson County to issue bonds and to provide a tax levy for the payment thereof, and a tax levy for maintenance,' which act was ratified on 2 March, 1921.

"3. That the General Assembly of North Carolina, at its regular session of 1921, passed an act (not yet published in book form) entitled, 'An act incorporating the Lexington High School District,' which act was ratified on 7 March, 1921. That said act created a governing body for the proper and more efficient management of the Lexington High School District, which governing body was known and designated as the Lexington High School Commissioners, and was constituted a body politic and corporate with the power to exercise the rights and privileges incident to corporations, and the said act made other provisions for the conduct of the high school in said district.

"4. That pursuant to the first act above mentioned, ratified 2 March, 1921, and as provided therein, the board of education of Davidson County on 7 March, 1921, petitioned the board of county commissioners of Davidson County to call an election in the Lexington High School District for the purpose of submitting to the qualified voters of said district the question of the issuance of $225,000 of bonds, to be used in erecting and equipping a school building in said district, and the purchase of a site therefor, and the levy of an annual tax for the payment of principal and interest, and also for the purpose of submitting to the voters the question of the levy of an annual tax for the maintenance of the high school so erected.

"5. That pursuant to the said petition, and under the authority conferred upon them by the said special act, the board of commissioners of Davidson County, at their regular meeting on 7 March, 1921, granted the prayer of the board of education as set forth in said petition, and ordered a new registration of voters and ordered the said special election to be held in the Lexington High School District on 19 April, 1921, which said election was duly carried.

"6. That of the eight school districts mentioned and set forth in the resolution of the county board of education, passed 16 February, 1921, as the districts which are to be comprised in the Lexington High School District, six are school districts created by the county board of education

under the general law, and without any vote of the electors for such creation, and no tax is levied therein. In each of the said districts a school committee is in charge of the school properties therein. That one of said districts, to wit, Nakomis District, is a special-tax school district, and by vote of the electors thereof a local tax is levied for the maintenance of the school. That the Lexington District referred to in said resolution is not a school district in any sense save that the boundaries thereof are coterminous with the boundaries of the town of Lexington, the charter of.which town vests the management of the schools therein in a special board of school trustees, and the town levies a tax therein for school purposes and for the payment of school bonds issued by the town for the school buildings.

"7. That the board of education of Davidson County, in the resolution adopted 16 February, 1921, did not attempt to consolidate the eight districts mentioned in the said resolution into one district and thereby wipe out and abolish the several then existing school districts, and no action has been taken by the county board of education or any other board to annul or repeal the creation of said constituent districts or to abolish the said committees having charge of the school property in said districts, and all of the same are continuing to function as if the Lexington High School District had not been created, and the school taxes have continued to be levied and collected in the said Nakomis District and in the town of Lexington, for the said county board of education attempted to create the Lexington High School District by overlapping or superimposing the said district on the eight districts comprised therein, and pursuant to the authority contained in the second act above mentioned, ratified 7 March, 1921, has elected a board of commissioners for the said Lexington High School District, the members of which having qualified.

    .     .     .     .     .     .     .     .

"9. That it is the declared intention of the board of education of Davidson County and the board of commissioners of Lexington High School District to erect a high school building and to maintain therein a high school for the attendance of pupils residing within the so-called Lexington High School District, who are being taught those subjects commonly called 'high school subjects' or studies, and pursuant to said declared purpose the board of commissioners of Davidson County, pursuant to the vote cast at said election, have authorized the issuance of the said $225,000 of bonds, and are preparing to issue same, and are preparing to levy the tax for the payment of the principal and interest of said bonds, and are preparing to levy a tax for the maintenance of the said schools; and the said board of education of Davidson County, in accordance with the provisions of the said special act, are preparing to sell said bonds."

The plaintiff is a resident and taxpayer of Davidson County, living within and having property located in that section of the county which, for the purposes of this action, is designated as the Lexington High School District.

From a judgment continuing and making permanent the temporary restraining order, and holding that the board of education of Davidson County was without authority to create the Lexington High School District in the manner proposed, and that the issuance of the bonds in question was without warrant of law, the defendants appealed.

*Raper & Raper for plaintiff.*
*J. L. Morehead for defendants.*

STACY, J. It is conceded at the outset that the board of education and the commissioners of Davidson County have not proceeded under C. S., 5511, for the establishment of a central high school, or high schools in a *township,* as provided by said section. It should also be noted that the resolution of the board of education, purporting to create the Lexington High School District, and the two special acts of the Legislature relating thereto, were all passed prior to the enactment, on 8 March, 1921, of ch. 179, Public Laws 1921, amending the public school law of the State. Hence, the validity of the resolution and the special acts in question must be determined by the law as it existed at the time of their passage—there being no suggestion of a ratification by any subsequent legislation.

The sections of the school law chiefly relevant and bearing upon the questions now before us are:

C. S., 5469, which provides: "The county board of education shall divide the townships, or the entire county or any part of the county into convenient school districts, as compact in form as practicable. It shall consult the convenience and necessities of each race in settling the boundaries of the school district for each race."

And C. S., 5473, which is in terms as follows: "The county board of education is hereby authorized and empowered to redistrict the entire county or any part thereof and to consolidate school districts wherever and whenever in its judgment the redistricting or the consolidation of districts will better serve the educational interests of the township, or the county, or any part of the county."

It will be observed that these statutes, which were passed in obedience to Article IX, section 3, of the Constitution, confer upon the several county boards of education authority (1) to divide the townships, or the entire county, or any part thereof, into convenient school districts (not to exceed the limit fixed by C. S., 5472); and (2) to redistrict the entire.

county, or any part thereof, and to consolidate school districts whenever and wherever such, in their judgment, will better serve the educational interest of the townships or of the county.

This grant of power from the Legislature, we apprehend, refers to the establishment, consolidation, etc., of districts in the sense of territorial divisions or geographical regions (*Howell v. Howell,* 151 N. C., 575; 18 C. J., 1292), and not in the sense of dividing or segregating pupils as distinguished from the land on which they live. "In its ordinary meaning the word district is commonly and properly used to designate any one of the various divisions or subdivisions into which the State is divided for political or other purposes, and may refer either to a congressional, judicial, senatorial, representative, school, or road district, depending always upon the connection in which it is used." *Oliver v. State,* 11 Neb., 1, 13; 7 N. W., 444.

Giving to the words of the statute their usual and customary meaning, we have found no authority for the establishment by the county board of education of such a district as the "Lexington High School District (No. 7, agreed facts), which, to be more exact, might properly be termed a superdistrict in that it is sought to be created by superimposing the same upon the eight districts comprised therein. An arrangement of this kind may be very desirable and helpful in the building up of an educational system for the State; but, as now advised, we do not think the Legislature had so declared its purpose and policy at the time of the attempted establishment of the district in question. Nor do we wish to be understood, by what is said here, as suggesting that probably such a district might be created under ch. 179, Public Laws 1921: This latter question is not before us, and any expression presently made would be *obiter* and we make none.

Holding, as we do, that the resolution of the board of education of Davidson County, passed on 16 February, 1921, was insufficient to accomplish the desired purpose, and that the establishment of the proposed district was therefore ineffectual, it follows that the special acts of the Legislature, incorporating and authorizing said district to issue bonds, must be declared inoperative. *Ex nihilo nihil fit.*

There being no valid district in existence, the Legislature now is without authority itself to pass any local, private, or special act establishing or changing the lines of school districts. Const., Art. II, sec. 29; *Sechrist v. Comrs.,* 181 N. C., 511; *Trustees v. Trust Co.,* 181 N. C., 306.

The judgment of his Honor permanently enjoining and perpetually restraining the defendant from issuing the bonds in question must be upheld upon the facts now appearing on the instant record.

Affirmed.