Civil action to restrain the issuance of bonds by the Altamahaw-Ossipee Consolidated School District. On the hearing it was made to appear, among other things, that the Altamahaw and Ossipee School districts were each separate school districts, and under a statute applicable had voted a special tax for schools of 30 cents on the $100 valuation of property, which had been levied, collected, and applied to the purpose indicated for several years prior to 1921. That on 4 April, 1921, by order of the board of education, the two districts were consolidated, and to be known as the Altamahaw-Ossipee School District. Trustees of the consolidated district were duly appointed and qualified. That on 30 June, 1921, on petition of said board of trustees, an election was ordered by the board of commissioners of Alamance (131) County on the question whether said consolidated district should issue $50,000 of bonds and levying a tax to pay same in accord with statute applicable, and said election having been duly and regularly held, the measure was approved by a large majority of the duly qualified voters of the district, and thereupon the plaintiff, a citizen and taxpayer of the district, instituted the present action to restrain the issue *Page 140 
of said bonds, as stated. Upon these and other pertinent facts presented, the court entered judgment as follows:
"This case coming on to be heard before me this day, and being heard upon the agreed statement of facts, and argument of counsel for both plaintiff and defendants, and the court being of the opinion:
"1. That the county board of education of Alamance County had authority to create the Altamahaw-Ossipee Consolidated School District by virtue of C. S. 5473, as amended by ch. 179 of Public Laws of 1921.
"2. That said Altamahaw-Ossipee Consolidated School District so created by the county board of education of Alamance County is a body corporate and politic by virtue of ch. 308, Public Laws of 1919. See, also, ch. 133, Public Laws of 1921.
"3. That said school district is authorized and empowered, by virtue of ch. 87, Public Laws of 1920, special session, to issue bonds.
"4. That the provisions of law necessary to be complied with prior to the issuance of bonds under said act have all been complied with by said Altamahaw-Ossipee Consolidated School District, and that the resolution of the trustees of said school district, passed 23 January, 1922, and authorizing the issuance of $50,000 bonds of said district, is a valid exercise of an existing power, and that said trustees should be permitted to proceed with the issuance and sale of said bonds.
"5. That after the issuance and sale of said bonds there will be full power and authority in and it will be the duty of the board of commissioners of Alamance County to levy annually a special tax ad valorem
on all taxable property in said school district for the purpose of paying and sufficient to pay the principal and interest of said bonds.
"It is, therefore, upon motion of counsel for defendants, considered, ordered, and adjudged that the petition of plaintiff praying for an injunction to restrain the issuance and sale of said bonds be and the same is hereby dismissed.
"Plaintiff will pay the cost of this action, to be taxed by the clerk."
Plaintiff excepted, and appealed.
In our opinion there is no maintainable objection (132) to the validity of this proposed bond issue. Under C. S., ch. 95, *Page 141 
art. 10, and ch. 179, sec. 1, Laws of 1921, the county boards of education are, under specified conditions, expressly authorized to consolidate "local-tax districts and special-chartered districts," both where they have the same or different tax rates, and also to consolidate tax districts with nonlocal-tax districts, etc. The statute contains provisions further that in case of consolidation where the tax rate differs, the rate may be made uniform by the county commissioners on the recommendation of the board of education, and with the further proviso that no taxpayer of a consolidated district shall be required to pay a larger special tax rate than that originally voted by his district. In the case presented here, both of these districts having heretofore voted the same special tax rate for school purposes, there is no constitutional question involved by an increase of the tax rate of either. As to instances where the tax rate may differ, as where there is an attempt to combine a special-tax district with a nonspecial-tax rate territory — the statutes present greater difficulty for these special school-tax districts — organized and exercising governmental functions in the administration of the school laws, have been held quasi-public corporations, subject to the constitutional provisions in restraint of contracting debts for other than necessary expenses, except by vote of the people of a given district. Smith v. School Trustees, 141 N.C. 143; Constitution, Art. VII, sec. 7. Where such conditions are presented and, owing to the constitutional objection suggested, it would seem that in order to combine a special-tax district with nonspecial-tax territory the question should be considered and dealt with as an enlargement of districts and coming under C. S. 5530, whereby the outside territory is allowed to vote separately on the proposed tax. The question, however, does not arise on the present record, and is only referred to in order to exclude the inference that in making our present decision we are approvingin toto the provisions of chapter 179, above referred to. The two districts, therefore, having been properly combined into one, and the voters of the consolidated district having approved the bond issue by a pronounced majority, in addition to the principle announced inSmith v. School Trustees, supra, there is ample and express statutory provisions incorporating the inhabitants and affording further authority, if any were required, for the measure as contemplated. In ch. 308, Laws of 1919, it is provided, among other things, that the inhabitants of every road, school, or other district in or on behalf of which bonds or other evidence of debt are authorized by law to be issued, etc., etc., shall for all purposes relating to the issue of such bonds or other evidence of debt, constitute a body politic and corporate, and its governing authorities may adopt a seal and, except as otherwise provided (133) *Page 142 
by law, may have all the powers and perform all the duties of an incorporation in reference to the issue or payment of such bonds or other indebtedness, etc. Such statute appearing in C. S. 360. And in ch. 87, Public Laws, special session, 1920, it is enacted that the board of trustees of any school district in this State is authorized to issue bonds for special school purposes where the measure is properly approved by the voters at an election held as the law provides. In section 9 of this statute the term school district is defined to include every graded school district, high school district, township, or other school district in this State, and the term "board of trustees" shall include the principal administrative or governing body of a school district by whatever name called. And that there may be no uncertainty to arise from the use of these broad and inclusive terms, ch. 224, Laws of 1921, superadds to "governing body" the words "or school committee," thus extending the provisions of the act to these school districts, which were then in charge of local school agents under the direction of the county board of education. Again, in Laws 1921, ch. 133, sec. 4, there is further provisions made that for all purposes relating to the issuance or payment of bonds by or on behalf of any school district in this State, the inhabitants are constituted a body politic and corporate by the name and style by which such school district is known, and said body politic is hereby authorized to sue and be sued, etc. It is suggested that section 1 of this last statute has, in certain instances, been disapproved in its application to certain school districts which the General Assembly has attempted to create by special enactment contrary to one of the recent constitutional amendments contained in Art. II, sec. 29, prohibiting the incorporation of new school districts by special enactment, as shown inTrustees v. Trust Co., 181 N.C. 306; Sechrist v. Comrs., 181 N.C. 511. But if it be conceded that every instance having significance coming under this section 1 is within the principal of the decision referred to, that, as appellee contends, would not affect the force and operation of section 4 just cited, the latter being on a subject distinct and severable from the provisions of section 1. Keith v. Lockhart, 171 N.C. 451-459; Black on Constitutional Law, sec. _______. There is nothing in Wolsey v.Comrs., 182 N.C. 429, that in any way militates against our disposition of the present appeal. In that case the Court held that "Under the law there prevailing and applicable, C. S. 5469-5473, the county boards of education were without authority to superimpose a high school district on existing districts not consolidated or abolished, but still functioning for other than high school purposes, and that the said section referred to the establishment or change of districts in the sense of (134) territorial divisions or geographical regions." In the present case, *Page 143 
and under the Laws of 1879, these boards, as we have seen, are authorized to combine special-tax districts, and these consolidated districts are authorized to vote special-tax rates for schools on the entire district in accordance with law. And in instances like the present, where the districts have already voted the same tax rate, the consolidation making no increase of the prevailing tax and authorizing none except where the voters impose it upon themselves, such a statute is, in our opinion, clearly within the legislative power, and under its provisions the proposed bond issue, having been fully approved by the voters, the same will constitute a valid obligation of the consolidated district. The court below has correctly ruled that the restraining order should be dissolved and action dismissed.
Affirmed.
Cited: Miller v. School Dist., 184 N.C. 201; Barnes v. Commissioners,184 N.C. 326; Coble v. Commissioners, 184 N.C. 352; State v. Kelly,186 N.C. 375; Sparkman v. Commissioners, 187 N.C. 246; Jones v. Bd. of Ed.,187 N.C. 560; Scroggs v. Bd. of Ed., 189 N.C. 112; Harrington v. Comrs.,189 N.C. 576; Howard v. Bd. of Ed., 189 N.C. 678.