R. D. JONES ET AL. v. BOARD OF EDUCATION OF ROBESON COUNTY AND BOARD OF COUNTY COMMISSIONERS.

(Filed 9 April, 1924.)

**1. Schools—Consolidation—Taxation—Bonds—Statutes.**

C. S., 5526, applies primarily to the consolidation of nonspecial-school-tax territory; and in order to consolidate existent school-tax districts having different rates, by extending the limits of some of them to include others, section 5530 requires that a majority of the committee or trustees of either of these districts sought to be enlarged file a written request with the county board of education to thus enlarge its boundaries, and an election must be held before consolidation, and the other material requirements of the statute complied with; and where this course has not been followed, the tax attempted to be levied in the consolidated district, and bonds ordered to be issued in pursuance thereof, are invalid.

**2. Same.**

Where the consolidation of existing school districts with various rates of taxation attempted under the provisions of C. S., 5530, is invalid, an election thereafter held under the provisions of C. S., 5473, as amended by Laws 1921, ch. 179, sec. 1, cannot relate back and validate the consolidation and the tax to be levied and bonds to be issued thereunder.

APPEAL by plaintiffs from a judgment upon the pleadings by *Lyon, J.,* at chambers.

Prior to 6 March, 1922, there were five separate public-school districts in Thompson's Township, Robeson County, known as White Public-School districts Nos. 6, 8, 9, 10, and 11. Each was a special-taxing district, in which a special tax had been voted, as follows:

(a) In District No. 6, a special tax of 30 cents on the $100 valuation of property.

(b) In District No. 8, a special tax of 30 cents on the $100 valuation of property.

(c) In District No. 9, a special tax of 25 cents on the $100 valuation of property.

(d) In District No. 10, a special tax of 20 cents on the $100 valuation of property.

(e) In District No. 11, a special tax of 10 cents on the $100 valuation of property.

On 6 March, 1922, the board of education made an order for the consolidation of these districts into one, to be known as Thompson's Graded School District. At the request of the board of education, the board of commissioners then called an election, which was held on 6 May, 1922, in the consolidated district, upon the question of issuing twenty-year bonds in the sum of $25,000 for building purposes, and of levying an additional special tax of 30 cents on the $100 valuation of property, and a majority of the qualified voters voted for said bonds and tax. On 5 June, 1922, the board of education made an order revoking the consolidation of the several districts, and the board of commissioners declared null and void the election which had been carried for the bonds and special tax. These orders were made in consequence of the construction given by these boards to one or more decisions of the Supreme Court. On the same day the board of education consolidated districts 6 and 8, which had levied the same tax, and considered petitions praying that the graded-school district (composed of 6 and 8) be enlarged by adding thereto districts 9, 10, and 11, and that an election be held in these three districts on the question of making their respective tax rates equal to those in the consolidated district. The board of commissioners ordered such election to be held, and in each district the election resulted in raising the tax to 30 cents. Accordingly, on 4 September, 1922, districts 9, 10, and 11 were consolidated with districts 6 and 8. On 5 March, 1923, the board of commissioners made an order in effect declaring the bonds and special tax voted in the special election of 6 May, 1922, to be valid, and annulled "all proceedings of this board since 6 May, 1922, relative to said bonds." It is admitted that the trustees of the Thompson Graded School District (districts 6, 8, 9, 10, and 11) are preparing to issue and sell the bonds ($25,000) and to levy the special tax voted in the election of 6 May, 1922.

The plaintiffs contend that the Thompson Graded School District had not been legally consolidated or established when the election of 6 May was held, and that the bonds, therefore, cannot be issued nor the tax levied. His Honor held that the bonds, when issued and sold, will be valid and the tax collectible, and vacated the restraining order. The plaintiffs appealed.

*J. E. Carpenter and McKinnon, Fuller & McKinnon for plaintiffs.*
*L. R. Varser, Dickson McLean, and H. E. Stacy for defendants.*

ADAMS, J.  The order first consolidating the several school districts was made on 6 March, 1922, and the election purporting to authorize the issuance of bonds for the consolidated districts and the levy of a special tax was held on 6 May, 1922.  On 5 June the order consolidating these districts was rescinded and the election declared void, whereupon districts 6 and 8, having the same tax, were combined and a petition was filed with the board of education praying that these two districts be enlarged by adding thereto districts 9, 10, and 11.  The election was held and the tax in each of the three districts was raised and made uniform with the tax in the two combined districts, and on 4 September the five districts were consolidated and designated "Thompson's Graded School District."

The plaintiffs contend that the first order of consolidation was illegal even if the board of education had no power to revoke it or had power to reinstate it (as it attempted to do) and that the election purporting to authorize the bonds and the special tax was ineffective even if the board of commissioners had no power to declare it void.  The appeal therefore presents the question whether the first order of consolidation was valid.

In the five districts a special tax had been levied—in the first two thirty cents on property valued at one hundred dollars, and in the last three twenty-five cents, twenty cents, and ten cents respectively; and on the question of consolidation no election was held until 4 September, 1922, about four months after the election which resulted in favor of the bonds and the special tax.  The order of 6 March, consolidating the five districts, cannot be sustained unless by virtue of section 5526 or 5530 of the Consolidated Statutes, or by the act of 1921.

In our opinion it cannot be sustained under section 5526 because this section "was intended to apply primarily to cases where new districts are created or formed, in the manner prescribed therein, out of territory exclusive of special-tax districts, or at least out of territory having the same existing school tax or taxes."  *Perry v. Comrs.,* 183 N. C., 387.

It is also clear, we think, that it cannot be upheld under section 5530.  The plaintiffs allege, it is true, that at a meeting held on 6 March, 1922, the board of education made an order consolidating the territory embraced within districts 6, 8, 9, 10 and 11, and this is admitted by the defendants; but it is also alleged that there were differing tax rates in the several districts, and upon these allegations arises a well-defined question of law.  Besides, there is no allegation that a majority of the committee or trustees of either of these districts had filed a written request with the board of education to enlarge its boundaries or that the other provisions of the statute had been complied with. If the statute contemplates nothing more, the extension of the bounda-

ries of a local taxing district by taking in contiguous nontaxing territory, obviously it is inapplicable here because all the districts had levied a special tax. If the election therein referred to should be construed as applying to the consolidation of several contiguous districts, levying different tax rates in order to secure uniformity, still no election was held before the consolidation was effected; and there is no provision in this section that upon such consolidation only the lowest rate should be levied and collected. *Paschal v. Johnson,* 183 N. C., 129; *Perry v. Comrs., supra; Hicks v. Comrs.,* 183 N. C., 394.

What bearing, then, has the act of 1921 on the consolidation of these districts? Section 5473, as amended by Public Laws 1921, ch. 179, sec. 1, provides that the county board of education may consolidate local-tax districts having different special tax rates for schools; but it is further provided that the rate on any consolidated districts created from local-tax districts having different local tax rates shall be made uniform by the county commissioners upon the recommendation of the county board of education, and that no taxpayer in such consolidated districts shall be required to pay a higher special tax than that voted originally in his district. This is probably the statute on which the defendants chiefly rely; but we find nothing in the record to show that the county board of education ever made the necessary recommendation to the board of county commissioners or that the commissioners ever attempted to make uniform the rate on the consolidated districts. If such recommendation had been made it is altogether probable that the district paying the highest rate would have objected; at any rate, this inference is reasonable in view of the subsequent election to increase the lowest rate to the highest.

Upon a careful consideration of the record we are convinced that the order of consolidation made on 6 March, 1922, was not made in compliance with law, and that the election in pursuance thereof was not effective. If it be conceded that the consolidation of 4 September in pursuance of the election ordered on 5 June was held as the law requires, still it could not relate back and validate a void election purporting to sanction or authorize the issuance of bonds and the levy of the special tax. The defect is not cured by the order made by the board of commissioners on 5 March, 1923, in reference to the election held on 6 May, 1922. We see no good reason, however, why relief may not be sought in another election. The judgment is

Reversed.