JOHN HOWARD et al. v. THE BOARD OF EDUCATION of CATAWBA
COUNTY et al.

(Filed 13 May, 1925.)

1. Appeal and Error—Findings of Lower Court—Appellant Must Show
Error—Schools—School Districts.

While on appeal from a judgment refusing to continue an order restrain-
ing the formation of a new school district within a county for noncon-
formity with the statutes applicable, the Supreme Court may disregard
the finding of fact of the lower court and conclude differently upon its
own findings, it is upon appellant to show error, and in the present
case the facts found by the lower court are sustained.

2. Schools—School ¡Districts—County-wide Plan—New Districts—Stat-
utes—Injunction—Appeal and Error.

C. S., 5481 is now solely applicable to the creation, etc., of new school
districts within the county, and upon the facts found on this appeal, it
not sufficiently appearing that the proposed changes come under the
provisions of this statute, it is *Held,* that the order dissolving the pre-
liminary restraining order was properly entered, and will not be disturbed
unless it is more clearly made to appear in the Superior Court that the
new contemplated district to be voted on comes within the provisions of
said section.

APPEAL by defendants from *Webb, J.,* from CATAWBA.

Action by plaintiffs, citizens, residents and taxpayers of Balls Creek
School District, in Catawba County, against the County Board of
Education of Catawba County, the Board of Commissioners of Catawba
County, and the committeemen of Balls Creek School District, and the
registrar and judges of election, to restrain the holding of an election
called by the defendant commissioners of Catawba County, upon the
petition of the defendant board of education, to submit to the qualified
voters in a certain territory the question of a special school tax in
addition to a general county tax for school purposes. Judgment for
plaintiffs continuing the restraining order until the final hearing.
Affirmed.

A temporary restraining order was issued by Stack, J., on 26 Janu-
ary, 1925, restraining the defendants from holding this school-tax elec-
tion until further orders of the court and, pursuant to this order, a
hearing was had, and the following order was entered:

"This cause coming on to be heard and being heard on 9 February,
1925, before his Honor, James L. Webb, judge presiding at the February
Term, 1925, of Catawba Superior Court upon the motion of the plain-
tiffs to continue to the final hearing a restraining order heretofore
granted upon their application, and the court having heard and con-

sidered the affidavits filed by all parties, which are now referred to, and the argument of counsel thereon, finds the following facts: That there are two public school districts, among others in Catawba County, one known as the Balls Creek District, and one as the Catawba District; that each have a high school and the former some years ago voted a special tax of ten cents on the hundred dollars of property to supplement the general school fund, and the latter fifty cents on the hundred dollars for similar purposes, and both taxes have been since levied and collected for such purposes;

"That in December, 1924, certain citizens and voters residing in the Balls Creek District and owning property there filed a petition with the school trustees of the Catawba District, asking that a large part of the territory of the Balls Creek District and certain other territory not in any special taxing district be annexed to the Catawba High School District and for an election thereon in the territory upon the question of levying a twenty cents tax upon the proposed new part and also upon the question of annexation, which petition was laid before the county board of education at its December meeting;

"That the nontaxing territory referred to lies between the other two aforesaid districts; that also at the said December meeting certain other citizens and voters in the Balls Creek District and its trustees or committeemen filed a petition with said board, asking for a special election in that district upon the question of the levy of a special tax increase from the present ten cents to not exceeding thirty cents on the hundred dollars to supplement the general school funds; that there was then and still is an indebtedness of $15,000 on the Balls Creek District incurred for high school building purposes; that the board of education made no order in regard to the application for annexation to the Catawba District, nor for any election thereon, but entered an order running an irregular line through the Balls Creek District with a view to cutting off from said district about 80 of the voters therein and about $75,000 of taxable property and to that extent reducing the size and voting population of said district and then applied to the board of county commissioners to order an election in the territory which they intended to retain as the Balls Creek District upon the question of increasing the special tax in that territory to not exceeding 30 cents on the hundred dollars, which election was ordered, the time set for 17 February, 1925, and registrars and judges appointed; that therefore the plaintiffs some of whom reside, are voters and own lands within the territory in which the election is called and some voters and landowners in the excluded territory brought this action and obtained a temporary restraining order against the holding of said election.

"According to the records as made by the county board of education the excluded territory is not now in any taxing district or at present in any school district at all.

"The court being, therefore, of the opinion that the election ought not to be held in the restricted territory in the way and manner proposed and that the plaintiffs are entitled to the relief sought herein,

"It is now, therefore, considered, adjudged, and ordered that the restraining order heretofore issued in this action be and the same is hereby in all respects continued to the final hearing."

To this order the defendants excepted and appealed.

*E. R. Cline and Wilson Warlick for plaintiffs.*
*W. C. Feimster and Thos. P. Pruitt for defendants.*

VARSER, J. The appeal in this case is based on one exception only, and that to the continuance of the restraining order until the final hearing.

The defendants asked this Court to disregard the findings of fact by the trial court and to examine all the evidence appearing in the record, and to find therefrom that the plaintiffs are not entitled to the relief sought.

We recognize in such cases the jurisdiction of this Court to review the evidence and determine questions of fact as well as of law. *Cameron v. Highway Commission,* 188 N. C., 84; *Mayo v. Comrs.,* 122 N. C., 5; *Hooker v. Greenville,* 130 N. C., 472; *Hyatt v. DeHart,* 140 N. C., 270; *Lee v. Waynesville,* 184 N. C., 565; *School Committee v. Board of Education,* 186 N. C., 643. However, there is a presumption always that the judgment and proceedings below are correct, and the burden is upon the appellant not only to assign, but to show, error. *Hyatt v. DeHart, supra;* and upon the instant record we do not feel justified in finding the facts to be other than set out in the order of the trial court.

Defendants contend, however, that, from this record, it ought to be determined that a county-wide plan of organization has been adopted according to C. S., 5481, Public Laws 1923, ch. 136, sec. 73a, on authority of *Scroggs v. Board of Education, ante,* 110. The *Scroggs case* was an appeal from a judgment entered on a verdict of a jury. In that case the minutes of the Board of Education of Clay County were much fuller than in the instant record, and showed clearly the purpose and intent of the board of education to adopt the county-wide plan of organization for Clay County, and the order of 14 May, 1923, was, therefore, valid. In the instant case, the record, together with the finding of the trial court, are not sufficient to satisfy this Court that

the county-wide plan has been adopted. This is said, however, only with reference to the showing on the present record; the facts may be otherwise.

Inasmuch as it is now required that the county board of education shall create no new district or divide or abolish a district or consolidate districts, or parts thereof, except in accordance with the county-wide plan of organization, we are of the opinion that the order entered by the board of education, "running an irregular line through the Balls Creek District, with a view to cutting off from said district about 80 of the voters therein and about $75,000 of taxable property and to that extent reducing the size and voting population of said district," and the application of the board of education to the board of county commissioners to order an election in the territory which they intended to retain as the Balls Creek District, was not valid. Unless the order entered had the effect to create a new district comprising the territory in which the election was sought and ordered, then the election cannot be held. *Jones v. Board of Education,* 187 N. C., 557; *Perry v. Comrs.,* 183 N. C., 387; *Paschal v. Johnson,* 183 N. C., 129; *Hicks v. Comrs.,* 183 N. C., 394. While these latter authorities relate to the laws applying prior to the adoption of chapter 136, Public Laws 1923, they present the difficulties in the way of the execution of the order of the board of education in the instant case, because such order does not comply with chapter 95, C. S., vol. 3, sec. 5480-5490, inclusive. This was intended by the Legislature to be a complete recodification of the school law, and that the common school system of the State should be, thereafter, conducted in accordance therewith.

Since the order was entered by the board of education not in accordance with the county-wide plan of organization, and since it is not proved that the county-wide plan of organization has been adopted; and in the light of the positive prohibition contained in C. S., 5481, such order is void and of no effect, and the county board of education may proceed as it may be advised in reference to the adoption of the county-wide plan of organization (if the same has not, in fact, already been adopted), and if it has been, or when, adopted, it may proceed in accordance therewith to form such districts as it may determine are just and proper, *provided, however,* that no rights of any creditor are illegally affected.

We have not discussed the question of indebtedness of the Balls Creek School District, because it is not necessary upon the instant record to do so.

Upon the order entered, and the facts contained therein by the trial court, we are forced to conclude that there is no error in continuing the restraining order until the final hearing, and it is, therefore,

Affirmed.