STARMOUNT COMPANY v. TOWN OF HAMILTON LAKES.

(Filed 13 December, 1933.)

1. **Municipal Corporations A a—There are no constitutional restrictions on the power of the Legislature to create municipal corporations.**

There are no constitutional restrictions upon the power of the General Assembly to create municipal corporations, and where a municipal corporation is duly created by private act, and the town is organized under

the act after due notice as required by law, the smallness of the population of the incorporated area does not affect the validity of its incorporation, and it is a duly created and organized municipality.

**2. Taxation A a: Municipal Corporations K a—**

The courts determine what are necessary municipal expenses, and the governing body of the municipality determines in its discretion whether a given project is necessary for the particular municipality.

**3. Same—Held: bonds in this case were issued for necessary municipal expenses as defined by courts, and vote of residents was unnecessary.**

Water systems, sewer systems and street improvements are necessary expenses of a municipality, and bonds for such purposes may be issued by the governing body of a municipality without a vote of its residents, Art. VII, sec. 7, and bonds issued by a municipality for these purposes will not be declared invalid on the ground that the purposes for which the bonds were issued were not necessary for the particular municipality because of its small population, the determination of the necessity of the improvements for the particular municipality being exclusively in the discretionary power of its governing body.

**4. Taxation A f: Municipal Corporations K c — Legislature may cure formal irregularities in bond issue by validating act.**

Where the Legislature has validated bonds issued by a municipal corporation for necessary expenses, objections to their validity on the ground that a majority of the commissioners of the town issuing the bonds lived outside the corporate limits will not be sustained, the Legislature having the power to authorize the issuance of bonds for necessary expenses and to clothe designated persons with the power to execute same for and in behalf of the municipality, and, therefore, having the power to ratify their issuance.

CIVIL ACTION, before *Harding, J.,* at October Term, 1932, of GUILFORD.

The parties by stipulation agreed that certain facts should constitute all the evidence in the case. The facts pertinent to the questions of law involved may be stated substantially as follows: The plaintiff is a private corporation and the defendant is a municipal corporation created pursuant to chapter 161 of the Private Laws of 1925 as amended by chapter 190, Private Laws of 1927. Notice of application for a special act creating the defendant as a municipal corporation was duly published as required by law.

Prior to 31 July, 1924, A. M. Scales was the owner of a large tract of land, containing approximately 1,400 acres, lying near the corporate limits of the city of Greensboro. Subsequent to the purchase of the property, Scales began to develop the land as a residential subdivision by laying off streets, alleys, parks, lake sites, and building lots. On 31 July, 1924, Scales borrowed from the Revolution Cotton Mills the sum of $400,000, and as evidence of said indebtedness, delivered his note in said sum, dated 31 July, 1924, and in order to secure the payment

thereof executed and delivered to the Atlantic Bank and Trust Company as trustee a deed of trust conveying approximately 1,400 acres of land. As a part of the agreement Scales entered into a contract with the Revolution Cotton Mills providing that a private corporation should be formed, known as Hamilton Lakes, and that Scales should convey to said private corporation the land covered by said deed of trust, and to receive in payment thereof from the corporation five thousand shares of the capital stock, and that the said Scales should give to the Cotton Mills one thousand shares of said stock of the par value of $100.00 per share. It was further agreed that the Revolution Cotton Mills as the owner of said 1,000 shares of stock should at all times be represented on the board of directors, and that no salaries should be fixed and no additional property purchased by the corporation except with the unanimous consent of all the directors. This agreement was perfected, the land conveyed, the stock issued, and Julius Cone, vice-president of the Revolution Cotton Mills and president of the Atlantic Bank and Trust Company, trustee under the deed of trust, was elected vice-president and director of the private corporation known as Hamilton Lakes. On or about 1 December, 1926, the said 1,000 shares of stock owned by Revolution Cotton Mills, together with the Scales note for $400,000 and the deed of trust securing same, were acquired from Revolution Cotton Mills by Mrs. Bertha S. Sternberger and her two daughters, Miss Amelia Sternberger and Mrs. Blanche Sternberger Benjamin. Mrs. Bertha S. Sternberger at that time was president of the Revolution Cotton Mills. The Sternbergers, after acquiring the stock and note aforesaid, sold the 1,000 shares of stock to Scales for $150,000. The purchase price was evidenced by a note for that sum, secured by a second deed of trust upon certain lands containing approximately 2,700 acres, part of which was known as the "Descaler Tract" located near the city of Greensboro and near the town of Hamilton Lakes.

It thus appears at this point that the relationship of the parties was as follows: Hamilton Lakes, a private corporation, of which A. M. Scales was the president and major stockholder, owned 1,400 acres of land subject to a deed of trust for $400,000 securing a note of like amount originally payable to the Revolution Cotton Mills and subsequently purchased by the Sternbergers. Thereafter Hamilton Lakes, a municipal corporation, was created by the Legislature of North Carolina by virtue of the private acts above referred to. The boundaries of the town of Hamilton Lakes, a municipal corporation, included, among other lands, the 1,400 acres described in the deed of trust.

In October, 1925, the town of Hamilton Lakes, a municipal corporation, issued coupon bonds described as "water and sewer bonds, dated 1 October, 1925, in the aggregate principal amount of $100,000; that

said bonds were 100 in number, numbered from 1 to 100, inclusive, and of the denomination of $1,000 each," etc.

On 1 September, 1926, the town of Hamilton Lakes, a municipal corporation, issued coupon bonds, described as "Street Improvement Bonds" in the sum of $100,000. It was stipulated by the parties "that all requirements of law were met with respect to the issuance and sale of said water and sewer bonds and with respect to the issuance and sale of said street improvement bonds, with certain exceptions as follows: That said stipulation "shall not be construed to prevent the plaintiff from arguing that said water and sewer bonds and said street improvement bonds are invalid, for that they were not issued for necessary expenses within the meaning of the Constitution and statutes of North Carolina; nor shall it prevent the plaintiff from arguing that said water and sewer bonds and said street improvement bonds are invalid because there was no submission of said issue to the qualified voters of the town of Hamilton Lakes, nor any election thereon, nor that the sale and delivery of said bonds to said private corporation was irregular and void." It was stipulated that provision was duly made for the public sale of the bonds, and that notice of sale was duly published as required by law, and that the only bid for as much as par was made by the private corporation, Hamilton Lakes, Incorporated, which offered par and accrued interest for said bonds, and that receipts were issued by the duly authorized representatives of said town of Hamilton Lakes showing that said bonds were paid for in full. Each bond in controversy contained a recital "that all acts, conditions and things required to be done, happen and exist, precedent and in the issuance of this bond, have been done, have happened, and do exist, as required by the Constitution and laws of the State of North Carolina; that provision has been made for the levy and collection of an annual tax upon all taxable property within the said municipality sufficient to pay the interest hereon and the principal hereof as the same fall due, and that the total indebtedness of same does not exceed any constitutional or statutory limitation. For the prompt payment hereof, both principal and interest, the full faith, credit and resources of said municipality are hereby irrevocably pledged. The ordinances authorizing the bond issues provided that they should take effect thirty days after their first publication, unless a petition for popular vote was filed in accordance with the provisions of the municipal finance act. The ordinances were duly published and no petition for popular election was filed. The entire issue of water, sewer and street improvement bonds of the town of Hamilton Lakes, aggregating the principal amount of $200,000, was sold by the private corporation, Hamilton Lakes, Incorporated, to David Robinson and Company for the sum of $160,000, plus accrued interest. In purchasing said bonds

David Robinson and Company required the individual guarantee of payment of A. M. Scales.

After the issuance and sale of said bonds the town council of Hamilton Lakes took appropriate steps to lay water and sewer mains and let contracts for said purpose, and did in fact lay approximately 81 miles of water main and 7½ miles of sewer main at a cost of at least $100,000. Upon petition of property owners within the town, certain streets were paved and assessments against abutting property were made, and in the absence of objection the assessments were confirmed and the town graded and improved approximately twenty-two miles of its streets and paved approximately three miles of its streets at a cost of not less than $100,000. The paving and street improvement work was done by Zeigler Brothers by contract, and no part of the amount having been paid by the town, the said Zeigler Brothers instituted suit and obtained judgment against the town, and a mandamus proceeding was instituted against the town and an order entered requiring the town council of Hamilton Lakes to levy a special tax for the payment of said judgment.

The Legislature in 1927 enacted chapter 98 of the Private Laws of North Carolina, entitled "An act to validate bonds of the town of Hamilton Lakes." Said act was duly passed as required by law, and particularly as required by Article II, section 14, of the Constitution. The act was ratified 2 March, 1927.

The original Scales note of $400,000 to Revolution Cotton Mills was assigned to Mrs. Benjamin. Default was made in the payment of the debt and the deed of trust was foreclosed, and at the sale 1,256 acres of land covered by the deed of trust were purchased by the Starmount Company, which had been organized to acquire title to the property. Taxes were duly levied by the town for the fiscal years of 1925 to 1929, inclusive, and this action was brought by the plaintiff to restrain the sale of plaintiff's property for taxes upon the ground that the town of Hamilton Lakes, a municipality, (a) was not a municipal corporation; (b) that the bonds were null and void, and that the street assessments and taxes were also illegal and void.

It further appears from the agreed facts that the town of Hamilton Lakes lies near the city of Greensboro and that the territory included within the corporate limits of said town is well adapted to urban use, and that a total of 1,325 lots have been laid off in the town, and that there are at present 116 property owners. It further appears from said agreed facts that at the time of the issuance of the bonds A. M. Scales was mayor of the town, and his stenographer, Miss Susie M. Gunter, was the secretary and treasurer thereof, and that the commissioners of the town were A. M. Scales, his nephew and attorney, Harry Cobb, and a tenant of A. M. Scales, R. G. Moser, and that neither of the town

commissioners except Moser was a resident of the town at said time. Furthermore, it was stipulated that "there were four families living in the corporate limits of the town of Hamilton Lakes, and at the time of the issuance of said street improvement bonds there were five families resident in said corporate limits; that one of these families was R. G. Moser, the tenant of said A. M. Scales; that at present there are fifteen families living in the corporate limits of said town."

The cause was heard by the court by consent upon the facts agreed upon by the parties. The court was of the opinion "that the town of Hamilton Lakes was at the time of the institution of this action, and still is a validly organized and existing municipality, and that the bonds referred to in the complaint are valid and binding obligations of said municipality, and that the claim of W. F. and S. B. Zeigler, trading as Zeigler Brothers, is a valid and binding obligation of said municipality." Thereupon the restraining order was vacated and the action dismissed. From judgment so rendered the plaintiff appealed.

*E. S. Parker, Jr., and W. H. Holderness for plaintiff.*
*A. C. Davis for defendant, Zeigler Brothers.*
*Manly, Hendren & Womble for defendant.*

BROGDEN, J. (1) Was the town of Hamilton Lakes a duly created and organized municipality?

(2) Are the bonds issued by the municipality valid?

The municipality was created by chapter 161 of the Private Laws of 1925. The act established the boundaries of the town and provided that the corporate powers thereof should be vested in and exercised by a mayor, town council and town manager, etc. The act further provided for the establishment of a public school system and for elections as provided by law. The council was empowered to license, tax and regulate trades, occupations and to condemn lands, pass ordinances and fix rates for public service corporations, to levy and collect taxes on real and personal property within the corporate limits, pass ordinances for the collection of taxes, to establish and maintain a fire department and a police force, and to grade, pave and repair streets and sidewalks and make such improvements thereon as it might deem best for the public good, etc.

The Constitution does not restrict the power of the Legislature to create a municipal corporation and to define its territory. These matters are within the discretion of the lawmaking body. *Penland v. Bryson City,* 199 N. C., 140, 154 S. E., 88; *Chimney Rock v. Lake Lure,* 200 N. C., 171, 156 S. E., 542. Governmental and municipal powers are specifically delegated to the municipality with minuteness of detail and

comprehensiveness of function. Indeed, this phase of the case is not extensively debated in the briefs of counsel, and it was stipulated that the municipality had been organized under the provisions of chapter 161 of the Private Laws of 1925 after due notice as required by law. Consequently the first question of law must be answered in the affirmative.

The real controversy in the case involves the validity of the bond issues and the levying of taxes to pay the same. The bond issues are attacked upon two lines: First, that the bonds are not necessary expenses of the town of Hamilton Lakes within the purview of Article VII, section 7, of the Constitution of North Carolina; and second, that the obligations were issued without a vote of the people, as contemplated in said section. It is contended that there was no necessity for grading and paving streets and sidewalks or for installing water and sewer systems for the benefit of four or five families living upon a farm of approximately 1,400 acres. It is further contended that the expression "necessary expenses" of a municipality must have some relation to public benefits for a substantial number of persons, and that the constitutional provision has no application to land speculations and subdivisions of a suburban farm. However, an examination of the legal question involved must begin with the assumption that the town of Hamilton Lakes is a municipal corporation, duly organized and created and endowed by the sovereign with specific governmental powers. The population of a designated territory imposes no limitation upon the lawmaking power in creating municipalities. If the town of Hamilton Lakes is a municipal corporation, it had the power by legislative authority to issue bonds for necessary expenses. "The courts determine what class of expenditures made or to be made by a municipal corporation come under the definition of 'necessary expense.' The governing authorities of the municipal corporations are vested with the power to determine when they are needed, and, except in cases of fraud, the courts cannot control the discretion of the commissioners." *Fawcett v. Mt. Airy,* 134 N. C., 125, 45 S. E., 1029. See, also, *Storm v. Wrightsville Beach,* 189 N. C., 679, 128 S. E., 17; *Henderson v. Wilmington,* 191 N. C., 269, 132 S. E., 25: That is to say, the courts determine whether a given project is a necessary expense of a municipality, but the governing authorities of the municipality determine in their discretion whether such given project is necessary or needed in the designated locality. The pertinent decisions of this Court are all to the effect that water systems, sewer systems and street improvements are necessary governmental expenses of a municipality. Therefore, no vote of the people was required.

The plaintiff further contends that the bonds are void for the reason that there were certain irregularities in the issuance thereof, and particu-

larly that the majority of the commissioners of the town of Hamilton Lakes lived without the corporate limits of the town. This situation was doubtless called to the attention of the Legislature and chapter 98 of the Private Laws of 1927 was duly enacted. This statute expressly validated all the bonds in controversy issued by the town. "The Legislature may ratify and confirm any act which it might lawfully have authorized in the first instance where the defect arises out of the neglect of some legal formality and the curative act interferes with no vested right." *Sechrist v. Commissioners,* 181 N. C., 511, 107 S. E., 503; *Brown v. Hillsboro,* 185 N. C., 368, 117 S. E., 41; *Construction Co. v. Brockenbrough,* 187 N. C., 65, 126 S. E., 7. Manifestly, the law-making power of the State could authorize the town of Hamilton Lakes to issue bonds for necessary expenses, and also to clothe designated persons with the power to execute same for and in behalf of the municipality. Hence the said bonds of the town of Hamilton Lakes are valid obligations of said municipality.

It appears from the record that the claim of Zeigler Brothers has been reduced to judgment and no .discussion of that phase of the case is necessary.

Certain actions were instituted in the United States Court upon certain bonds in controversy, brought by the Ohio Savings Bank and Trust Company v. Town of Hamilton Lakes and by the First National Bank of Oak Harbor v. the same defendant. The plaintiffs intervened in said action and the cause was finally disposed of by the opinion in the case of *Starmount v. Ohio Savings Bank and Trust Co.,* 55 Fed. (2d), p. 649. This case discusses every phase of the present litigation with clearness and precision and determines the controverted questions adversely to the plaintiff. However, it is not deemed necessary to discuss the effect of the Federal decision as the validity of the. bonds must be upheld by application of the principles established in the decisions of this State.

Affirmed.