JOHN SEIP ET AL. v. J. O. WRIGHT.

(Filed 21 February, 1917.)

**1. Injunction—Issues of Fact.**

*Semble*, where judgment has been rendered that defendant deliver to plaintiff certain certificates of stock of original issue of a corporation or pay their par value, a tender of certificates not of the original issue would be insufficient; and where upon alleged default of defendant to deliver the certificates an execution for the payment of the money has been enjoined upon plea of tender, the injunctive remedy being the main issue, the injunction should be continued to the hearing so that the controverted fact of tender of the original certificates may be first deter· mined by the jury.

**2. Same—Probable Cause.**

An injunction will be continued to the final hearing when a serious issue of fact is raised, or where no harm will be done to the defendant and great harm may be caused to the plaintiff, or it is reasonably necessary to protect his rights; or he has shown probable cause or that it can reasonably be seen that he will be able to make out his case at the final hearing.

**3. Injunction—Appeal and Error—Evidence—Findings.**

Where on appeal in injunction proceedings it does not appear whether a material matter affecting the relief sought has not been presented to the lower court, or that it had been decided there adversely to the appellant, the Supreme Court may pass upon the question originally; but should it have been decided below the Supreme Court will not be disposed to change the ruling, in matters of fact, though it may do so in proper cases.

**4. Judgments, Consent—Out of Term—Computation of Time.**

Where a consent judgment is entered out of court and out of term, as of the previous term, requiring the defendant to deliver to the plaintiff certain certificates of stock "within sixty days after final judgment," and if not done the plaintiff should recover the par value, the time within which the certificates are required to be delivered should be counted from the actual signing of the judgment, and not from the former term or the record entry of the judgment.

CIVIL ACTION from Currituck, tried before *Whedbee, J.,* upon a motion for an injunction against proceeding under an execution issued upon a judgment in a former action, entitled *Wright v. Seip,* which motion was heard in December, 1916. The injunction was granted and the defendant, J. O. Wright, appealed.

The former judgment directed that J. O. Wright, plaintiff therein, recover from the Provident Land Company, one of the defendants therein, seventy-five shares of the original issue of $150,000 of its

capital stock, of the par value of $100 per share, and that defendant deliver the stock to the plaintiff, and in the event that the defendant failed to deliver the stock "within sixty days after final judgment in said case, the plaintiff should recover of the said defendant and its codefendants in that case the sum of $7,500, the value of the stock as assessed by the jury. Costs were also adjudged against the defendants. By consent of the parties, "the judgment was signed out of the county and out of term, but was to be recorded and filed as of September Term, 1916." The court adjourned for the term on 8 September, 1916, and the judgment was signed on 29 September, 1916, and sent to the clerk of the court of Currituck County and was filed by him in the papers in the case on 30 September, 1916. It further appears that on 10 November, 1916, defendants in that action tendered to the plaintiffs therein certificate of stock No. 55 in the Provident Land Company for seventy-five shares, valued at $7,500, which tender was rejected by the plaintiff J. O. Wright, upon the ground that the tender was not made in time, that is, within sixty days after judgment. This action was then brought by the defendants in that suit to restrain the plaintiffs (defendant herein) from proceeding under an execution which the clerk had issued, at his request, upon the judgment in the former case. The court held that as the stock was tendered by the plaintiffs herein, the time of the tender was immaterial, and continued the restraining order to the hearing. Defendant appealed.

*Aydlett & Simpson for plaintiffs.*
*Ehringhaus & Small and Thomas Ruffin for defendant.*

WALKER, J., after stating the case: The defendant contended in this Court, at the hearing, that the certificate of stock tendered by the plaintiffs in this suit under the judgment in the other case was not for shares of the original issue of $150,000, described in the agreement of the parties to the judgment. If this position is open to the defendants, in the present state of the pleadings, proofs, findings, and judgment of the court, we would hold against him, in the absence of further proof showing that it was not a part of that issue of stock, for we think that the proof, as it now stands, tends to show that the stock is of that character. But if there is any doubt of it, the most that we can say for the defendant is that it is a controverted question and one for the jury to decide, upon the evidence, at the final hearing, the usual rule being that in such a case the injunction, if it is the main relief demanded, will be continued to the hearing, when the truth of the matter can be ascertained and justice more certainly and fully administered. Where it will not harm the defendant to continue the injunction, and may cause great injury to the plaintiff, if it is dissolved, the court generally

will restrain the party until the hearing. *McCorkle v. Brem,* 76 N. C., 407; where serious questions were raised, *Harrington v. Rawls,* 131 N. C., 40; or where reasonably necessary to protect plaintiff's rights, *Heilig v. Stokes,* 63 N. C., 612. The Court said, by *Justice Hoke,* in *Tise v. Whitaker,* 144 N. C., 508: "It is the rule with us that in actions of this character, the main purpose of which is to obtain a permanent injunction, if the evidence raises serious question as to the existence of facts which make for plaintiff's right, and sufficient to establish it, a preliminary restraining order will be continued to the hearing." *Hyatt v. DeHart,* 140 N. C., 270; *Harrington v. Rawls,* 131 N. C., 39; *Whittaker v. Hill,* 96 N. C., 2; *Marshall v. Comrs.,* 89 N. C., 103. If the plaintiff has shown probable cause or it can reasonably be seen that he will be able to make out his case at the final hearing, the injunction will be continued, is another way of stating the rule. *Cobb v. Clegg,* 137 N. C., 153; *Moore v. Fowle,* 139 N. C., 51; *Bynum v. Wicker,* 141 N. C., 95; *Craycroff v. Morehead,* 67 N. C., 422; *Erwin v. Morris,* 137 N. C., 48. The judge held either that the question was not raised before him as to the character of the stock tendered by the plaintiff in this action, or that it was a part of the original issue of stock. If he did so decide, we would not be disposed to change his ruling upon this record, although we have the power to do so, or to find the facts originally in cases like this one. On a similar question, in *Hyatt v. DeHart,* 140 N. C., 270, the *Chief Justice* said: "Ordinarily, the findings of fact by the judge below are conclusive on appeal. While this is not true as to injunction cases, in which we look into and review the evidence on appeal, still there is the presumption always that the judgment and proceedings below are correct, and the burden is upon the appellant to assign and show error; and looking into the affidavits in this case, we cannot say there was error below. The general rule is that when the injunctive relief sought is not merely ancillary to the principal relief demanded in the action, but is itself the main relief, the court will not dissolve the injunction, but will continue it to the hearing," citing *Marshall v. Comrs.,* 89 N. C., 103. What we have said here will not prevent the defendant from having this question passed upon at the final hearing, if there is any dispute about the fact.

As to the other matter, we are of the opinion that the time within which the delivery or tender of the stock was required to be made should be counted, at the earliest, from the signing of the judgment. That was plainly the intention of the parties. The provision is that the stock should be issued to the defendant in this action "within sixty days after final judgment," and if not done, he should recover the $7,500. There was no final judgment until the judge signed it under the agreement of the parties, although it was to be filed and recorded as of September

term. This is usually inserted in such judgments, but it was not intended thereby to shorten the time within which the tender could be made. The time elapsing between 8 September and 29 September, 1916, cannot be counted against the plaintiffs herein, because there was no judgment during that time, but merely an agreement that a judgment should be entered after the court had adjourned, the terms of which were not even fixed. If the judge had signed the judgment on the sixtieth day after the adjournment, there would have been, under defendant's contention, no time left for the tender, and it cannot be supposed that it was the purpose to destroy the plaintiffs' right of tender by the mere fiction of having the judgment filed and recorded as of the term. Besides, the provision for the delivery of the stock was inserted in the judgment signed on 29 September, 1916, and it would not be a reasonable view that it was intended to deduct twenty-three days already past from the sixty days then allowed in the judgment. It was easy to say that the tender should be made within sixty days after the adjournment of court, if that was the agreement, and the other expression was used to indicate that the running time should start from the actual date of signing the judgment instead of the fictitious date by relation to the September term of court. This is the fair and equitable view, we think, and is the natural and reasonable construction of the stipulation in the judgment. The object in having the judgment filed and recorded as of the term was to give it the form of regularity, rather than to curtail the stipulated time for tendering the stock. "The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and verdict, the entry of it being a ministerial act which consists in spreading it upon the record." 23 Cyc., 835. The distinction between the rendition of a final judgment and the recording of it is clearly stated and applied in *Uhe v. R. R.,* 57 N. W. Rep., 484, 489, and in *Blatchford v. Newberry,* 100 Ill., at p. 489. The clause in the judgment under consideration, as to the time of delivering the stock, refers to the date when the judgment was actually rendered, and not to the date of recording it. It is difficult to conclude that the parties intended otherwise and that the time expired, before the judgment was given, should be counted.

The result is that there was no error in the decision of the court.

Affirmed.