SMITH ET ALS. v. BOARD OF COUNTY COMMISSIONERS OF
BLADEN COUNTY.

(Filed 19 May, 1926.)

**Appeal and Error—Highways—Bonds—Taxation—Counties—Injunction
—Evidence—Facts Found—Remanding Case.**

> Upon appeal from the judge in a suit to restrain the county commissioners from issuing highway bonds under a contract with the State Highway Commission, presenting the question of taxation in excess of that allowed by statute, C. S., 1291(a), the facts found thereon by the Superior Court judge is not conclusive; but where the record evidence of the county is conflicting and inconsistent, a judgment in its favor will not be sustained and the case will be remanded.

CIVIL ACTION heard by *Dunn, J.,* at November Term, 1925, of BLADEN.

Plaintiffs instituted an action against the board of commissioners of Bladen County, alleging that said commissioners have unlawfully entered into a contract with the State Highway Commission to issue bonds in the sum of two hundred and seventy-five thousand dollars ($275,000), and lend said amount to said Highway Commission for the purposes set out in the contract. Plaintiff further alleged that if these bonds were

issued the indebtedness of the county would exceed the limit provided by section 1291(a), Consolidated Statutes, and amendment thereto. The trial judge found as a fact that the bond issue did not exceed the limit prescribed by law.

From a judgment declaring the bond issue to be valid the plaintiffs appeal.

*E. F. McCulloch for plaintiffs.*
. *H. H. Clark, McLean & Stacy for defendant.*

BROGDEN, J. Under section 1291(a), Consolidated Statutes, as amended by chapter 97, Public Laws, Extra Session, 1924, Bladen County cannot incur a bonded indebtedness in excess of seven per cent of the assessed valuation of taxable property as shown by the last assessment previous to the incurring of any new bonded indebtedness. It was the evident purpose of this act to limit the indebtedness of counties in order to protect the taxpayers from increasing and oppressive tax rates.

In the present state of the record it is impossible for us to determine the question as to what constitutes the bonded indebtedness of Bladen County. The defendant attaches to its answer an unsigned statement purporting to be made by the county auditor, in which statement the bonded indebtedness of the county is listed at $438,000, but attached to the statement is a list of notes which the auditor apparently does not include as bonded indebtedness. There is also in the record another detailed statement from the auditor listing other notes not appearing in the defendant's purported exhibit. In other words, the statement from the auditor, attached to the defendant's answer, if correct, would indicate that the bond issue comes within the limit. Upon the other hand, the other statement from the auditor would tend to indicate that the bond issue would exceed the limit.

The question involved is of too much importance to be determined by the present record. For instance, there is an item of $16,800 listed as a note in the statement marked "Exhibit B," same being plaintiffs' exhibit, with a notation that this same amount "is allowed board education should there be need above budget." We cannot say what this language means for the reason that it does not appear whether or not the county commissioners have actually made an order to this effect, or whether any note is outstanding evidencing this amount.

There is another item of $86,600 appearing on the auditor's statement as "Exhibit B," with the following notation: "State Notes." It does not appear whether these notes were signed by the county board of education or by the county commissioners or for what purpose the notes were issued.

In suits of this character the appellate court may examine the evidence and reach its own conclusion as to the facts. *Sanders v. Ins. Co.,* 183 N. C., 66; *Advertising Co. v. Asheville,* 189 N. C., 739.

The controlling facts cannot be ascertained in the present state of the record and the case is remanded to the Superior Court from whence it came, to the end that an accurate and definite statement of the indebtedness of Bladen County may be submitted. *Advertising Co. v. Asheville,* 189 N. C., 739.

Remanded.