R. B. BUCHANAN v. FELDSPAR MILLING COMPANY.

(Filed 19 December, 1930.)

**Pleadings B f—Where pendency of prior action does not appear upon the face of the complaint a demurrer thereto is properly overruled.**

Upon a demurrer to a complaint upon the ground of the pendency of a prior action in another county between the same parties upon the same subject-matter, the fact of the pendency of such action must appear in the complaint in order to be sufficient ground for sustaining the demurrer, and an affidavit accompanying the demurrer and stating the facts constituting the grounds thereof is insufficient.

CIVIL ACTION, before *Harding, J.,* at February Term, 1930, of MITCHELL.

On 2 January, 1930, the Feldspar Milling Company instituted an action in Yancey County against Bob Buchanan (R. B. Buchanan), alleging that the said Buchanan was wrongfully cutting timber upon the lands of plaintiff and praying for a restraining order. Buchanan filed an answer denying the pertinent allegations of the complaint. Thereafter, on 16 January, 1930, Buchanan instituted the present action against the Feldspar Milling Company in Mitchell County and filed a complaint alleging that the defendant Milling Company had committed trespass in taking certain timber belonging to the plaintiff. In the

present suit the defendant filed a demurrer upon the ground that the same action is pending in Yancey County concerning the same subject-matter. Appended to the demurrer was a certified copy of the record in the Yancey County case.

The cause came on for hearing, and the trial judge entered a judgment as follows: "And it appearing to the court that the defendant is not entitled to a demurrer upon the grounds set forth, it is, therefore, considered, ordered and decreed that the said demurrer be and the same is, therefore, overruled."

From the foregoing judgment the defendant appealed.

*W. C. Berry and R. W. Wilson for plaintiff.*
*Charles Hutchins for defendant.*

BROGDEN, J. The defendant, on 2 January, instituted an action against the plaintiff in Yancey County. Thereafter, on 16 January, the plaintiff instituted the present action against the defendant in Mitchell County upon essentially the same cause of action. The defendant demurs in the Mitchell County suit under C. S., 511, upon the ground that the same action is pending and at issue upon complaint and answer in Yancey County.

Upon this state of facts, the question of law is: Can the pendency of another action between the same parties for the same cause of action, not appearing upon the face of the complaint, be taken advantage of by demurrer?

The law answers the question in the negative. *Alexander v. Norwood,* 118 N. C., 381, 24 S. E., 119; *Allen v. Salley,* 179 N. C., 147, 101 S. E., 545; *Brick Co. v. Gentry,* 191 N. C., 636, 132 S. E., 800; *Lineberger v. Gastonia,* 196 N. C., 445, 146 S. E., 79; *Justice v. Sherard,* 197 N. C., 237, 148 S. E., 241; McIntosh North Carolina Practice and Procedure, p. 451, sec. 440. In McIntosh, *supra,* the author says: "If it appears upon the complaint that there is another action pending between the same parties for the same cause, it is ground for demurrer, and if it does not so appear the objection is made by answer. This does not mean that the suits must be between the same parties as plaintiffs and defendants, and about the identical cause of action; but if the parties are the same, either as plaintiffs or defendants, though there may be other parties also, and the actions are substantially alike, so that the relief asked for in the second action can be given in the first, the objection will be sustained, in order to avoid a multiplicity of suits."

The defendant relies upon the case of *Allen v. Salley,* 179 N. C., 147, but the original record in that case discloses that the pendency of another suit was expressly pleaded by answer and not by demurrer.

Affirmed.