E. B. THOMASON AND L. O. LOHMANN, TRUSTEES, AND CHARLES E.
MOORE, v. SIMEON SWENSON AND INGA SWENSON.

(Filed 14 June, 1933.)

1. **Courts B e—Appeal from County Court's refusal of injunction may be taken to next term of Superior Court without service of case on appeal.**

   An appeal to the Superior Court from the granting or refusal of a restraining order by the county court may be taken in term time or to the next succeeding term of the Superior Court of the proper county upon exceptions to the judgment of the county court without the necessity of serving statement of case on appeal, countercase or exceptions, etc., the case having been heard on the pleadings and the record in the Superior Court consisting of the summons, complaint, answer, orders, judgment and assignment of errors. N. C. Code of 1931, 1608; Rule of Practice No. 5, 200 N. C., 816.

2. **Appeal and Error J a—**

   On appeal from the refusal of an injunction by the county court the Superior Court will review the evidence with the burden on the appellant to show error.

3. **Mortgages H b—Foreclosure may be enjoined in order to ascertain amount of debt where usury is pleaded and accounting demanded.**

   An order restraining the sale of lands in a suit to foreclose under a mortgage executed thereon is not erroneous where the questions involved include a charge of usurious interest and an accounting between the parties to ascertain the amount due to the mortgagee to be settled at the final hearing of the cause, it being required of the mortgagee seeking the equitable relief of foreclosure to do equity, and the court below having found that irreparable injury would otherwise occur to the mortgagor and that the granting of the injunction would not result in harm to the mortgagee.

APPEAL by plaintiffs from *McElroy, J.,* 8 December, 1932. From BUNCOMBE. Affirmed.

This is an action brought by plaintiffs against defendants for the purpose of securing judgment for a debt and foreclosure of property under a deed of trust to secure payment of same, in which plaintiffs ask for the appointment of a receiver for the rents and profits of the property, *pendente lite,* etc. The defendants raise questions as to the true amount of the indebtedness on account of usurious charges by way of interest and commission collected by the plaintiffs and for other causes, and for an accounting between the parties, and for injunction restraining foreclosure of the property until the final settlement of the issues involved. Defendants also ask for penalty against plaintiffs, contending that the transactions were usurious. A receiver for the

property was appointed, and qualified and took charge of same. The property was advertised for sale under the power of sale in the mortgage, independently of the foreclosure proceeding, when the defendants applied for an injunction. The defendants appealed from the order of the General County Court denying their motion for an injunction restraining sale of the property to the Superior Court on the record, which consisted of the summons and pleadings, used as affidavits. The judgment of the lower court was reversed and the restraining order applied for by defendants was ordered and the cause was remanded to the General County Court "for further proceedings in accordance with this decree."

The following judgment was rendered in the court below: "The above entitled cause, coming on to be heard before the undersigned judge holding the courts of the Nineteenth Judicial District, in the State of North Carolina, on the appeal of the defendants from a judgment of the General County Court of Buncombe County, N. C., dated 25 November, 1932, denying their application and motion for an injunction restraining the sale of the land in controversy pending the hearing of the case on its merits, and, being heard on the record on appeal consisting of the summons, complaint, answer, orders, judgment and assignment of errors, and the undersigned judge, being of the opinion on the facts disclosed in the pleadings in the case, and after argument of counsel that there is a serious controversy existing between plaintiffs and defendants as to the true amount due by the defendants on the notes or bonds sued on in said case, and that to uphold the order of the court below, denying defendants the restraining order applied for, might result in irreparable damage to said defendants if the property in controversy were allowed to be sold at the present time, thus removing same from the jurisdiction of the court and raising complicated questions as to the rights of any purchaser at said sale, and would be tantamount to deciding the case on its merits on the pleadings used as affidavits, and not after trial on the merits of evidence or testimony introduced on such trial in an orderly way, and the court further finding as a fact that the pleadings in said cause do raise serious and material questions of fact, which should be so settled by trial in an orderly way and not on affidavits, and that the entry of an order at the present time restraining said sale, cannot seriously injure the plaintiffs in said cause, nor affect their rights as finally established.

It is now, upon motion of Bourne, Parker, Bernard & Dubose, considered, ordered and decreed that a restraining order issue against the plaintiffs, their agents, representatives, attorneys, servants, and employees, restraining them, and each of them, from taking any further steps looking to the foreclosure of said property or the sale thereof, in

order to satisfy plaintiffs' claim or for any other purpose, or from making any deed therefor to any purchaser at any alleged sale heretofore had, or from taking any other steps which might in anywise affect or change the present title or status of said property, until the further orders of the court, and until the trial of said cause upon its merits, and that said order or judgment heretofore entered by Hon. Guy Weaver, judge of the General County Court of Buncombe County, denying the defendants' application or motion for a restraining order be, and the same is hereby reversed and said cause is hereby remanded to the General County Court of Buncombe County, N. C., for further proceedings in accordance with this decree.

And it is further ordered and adjudged that the plaintiffs pay the costs of this appeal, to be taxed by the clerk of this court, and that the bond heretofore given as security for same by the defendants be, and the same is hereby discharged and the principal and surety are hereby released from any and all liability thereon."

The necessary facts and exceptions and assignments of error of plaintiffs will be stated in the opinion.

*John Izard and Harkins, Van Winkle & Walton for plaintiffs.*
*Bourne, Parker, Bernard & DuBose for defendants.*

CLARKSON, J. In the statement of case on appeal to the Superior Court from the General County Court of Buncombe County, is the following: "Being heard in the General County Court of Buncombe County upon the pleadings as shown in the record, which said application and motion was denied by the judge of the General County Court."

The defendants excepted and assigned error to the order of the General County Court of Buncombe County, as follows: "(1) To the action of the court in refusing the defendants' application for an order restraining the sale of the property in controversy in this action, as asked for in defendants' motion upon the pleadings herein. (2) To the action of the court in signing the order formally denying defendants' motion for such restraining order, dated 25 November, 1932, as shown in the record."

The plaintiffs made the following motion in the Superior Court: "The plaintiffs, through their attorneys, made a special appearance in the Superior Court of Buncombe County, N. C., on 8 December, 1932, for the express purpose of opposing the hearing of the above case on appeal from the General County Court, on the ground that the said order, the signing of which is assigned as error in the case on appeal, was entered in the General County Court of 25 November, 1932, and notice of appeal given on 25 November, 1932, and that such appeal has been irregularly,

erroneously and prematurely docketed in the office of the clerk of the Superior Court of Buncombe County, N. C., on 7 December, 1932, and prior to the expiration of time for the filing of countercase or prior to the consideration by the appellees of said statement of case on appeal and without stipulation or consent of appellees or their counsel, all of which is contrary to the statutory laws of North Carolina, and that the Superior Court of Buncombe County is without jurisdiction at this time, for the foregoing reasons, to hear or pass on said assignments of error or review the order of the General County Court relative to such procedure."

The November Term of the General County Court ended 3 December, 1932, and the December Term of the Superior Court following the county court began 5 December, 1932. From the foregoing, the question for decision arises: In an injunctive proceeding, where there is an exception and assignment of error to the order granting an injunction, must defendants make up a "statement of case on appeal?" We think not.

In *Hamilton v. Icard,* 112 N. C., 589, at p. 593, is the following: "But this being an appeal from the granting of an injunction till the hearing, no formal 'case on appeal' is required. The correctness of the ruling in question is tested by the judgment appealed from, which is rendered solely upon the pleadings and affidavits filed in the cause."

In *Parker v. Bank,* 200 N. C., 441, at p. 442, it is said: "From a judgment continuing the temporary restraining order to the final hearing, with leave to the parties to amend their pleadings, the defendants appeal. . . . As the record contains no statement of case on appeal, we are limited to the question whether there is error in the judgment, the appeal itself being an exception thereto. *Wallace v. Salisbury,* 147 N. C., 58; *R. R. v. Stewart,* 132 N. C., 249; *Clark v. Peebles,* 120 N. C., 31."

In *Seip v. Wright,* 173 N. C., 14, at p. 16, it is written: "On a similar question, in *Hyatt v. DeHart,* 140 N. C., 270, the *Chief Justice* said: "Ordinarily, the findings of fact by the judge below are conclusive on appeal. While this is not true as to injunction cases, in which we look into and review the evidence on appeal, still there is the presumption always that the judgment and proceedings below are correct, and the burden is upon the appellant to assign and show error and looking into the affidavits in this case, we cannot say there was error below," etc.

The statement of case on appeal from the General County Court of Buncombe County to the Superior Court admits that in the General County Court of Buncombe County, the case was heard upon the pleadings as shown in the record. The judgment of the Superior Court says

"being heard on the record on appeal consisting of the summons, complaint, answer, orders, judgment and assignment of errors." From the record they seem to have been the same.

N. C., Code, 1931 (Michie), sec. 1608(jj), in part, is as follows: "Appeals may be taken by either the plaintiff or the defendant from the said county court to the Superior Court of said county in term time for errors assigned in matters of law in the same manner and under the same requirements as are now provided by law for appeals from the Superior Court to the Supreme Court," etc.

The appeal was taken to and during the next term of the Superior Court. Rules of Practice in the Supreme Court, 200 N. C., 816. Part of Rule 5, is as follows: "The transcript of the record on appeal from a court in a county in which the court shall be held during the term of this Court may be filed at such term or at the next succeeding term."

We think that this being an injunctive procedure not requiring a statement of case on appeal, that the motion of plaintiffs to dismiss was properly refused. See *Cook v. Bailey,* 190 N. C., 599; *Davis v. Wallace,* 190 N. C., 543, 546; *Smith v. Texas Co.,* 200 N. C., 39; *Bakery v. Ins. Co.,* 201 N. C., 816.

We see no error in the appeal from the General County Court to the Superior Court. C. S., 643, in reference to making up case on appeal, statement, service and return, is not applicable. As stated heretofore, in an appeal from an order granting or refusing an injunction, an exception and assignments of error to the judgment is sufficient.

As to the relief demanded by defendants, it must be borne in mind that plaintiffs came into a court of equity and prayed for judgment against defendants, etc. One of the rules and maxims of equity, is: "he who seeks equity must do equity." A party cannot claim the interposition of the court for relief unless he will do what it is equitable should be done by him as a condition precedent to that relief.

In *Waters v. Garris,* 188 N. C., 306, at p. 310, we find: "In any action brought by the creditor to recover upon any usurious note or other evidence of debt affected with usury, it is lawful for the party against whom the action is brought to plead as a counterclaim or set off, the penalties provided by the statute, to wit, twice the amount of interest paid, and also the forfeiture of the entire interest charged. But see *Miller v. Dunn, post,* 397."

In *Parker v. Bank, supra,* speaking to the subject, at p. 443, it is said: "It is the general practice of equity courts, upon a showing of a basis for injunctive relief, to continue the restraining order to the final hearing, when it appears that no harm can come to the defendants from such continuance, and great injury might result to the plaintiffs

from a dissolution of the injunction. *Cullins v. State College,* 198 N. C., 337; *Hurwitz v. Sand Co.,* 189 N. C., 1; *Seip v. Wright,* 173 N. C., 14."

We see no error in remanding the case to the General County Court. On appeal from the county court to the Superior Court "error in law" was found. For the reasons given, the judgment of the court below is

Affirmed.