C. L. TROUTMAN AND WIFE, MYRTLE TROUTMAN, v. R. H. SHUFORD AND JOHN D. BROWN, TRUSTEES, AND THE MORTGAGE CORPORATION OF VIRGINIA.

(Filed 11 April, 1934.)

APPEAL by plaintiffs from *Warlick, J.,* at 25 November Term, 1933, of CATAWBA. Reversed.

*Louis A. Whitener for plaintiffs.*
*M. H. Yount for defendants.*

PER CURIAM. This is an action for injunctive relief brought by plaintiffs against defendants. A temporary restraining order was issued by the judge below and at the hearing, the court below dissolved the restraining order. In this, we think there was error.

In *Seip v. Wright,* 173 N. C., 14 (15-16), is the following: "Where it will not harm the defendant to continue the injunction, and may cause great injury to the plaintiff, if it is dissolved, the court generally will restrain the party until the hearing. *McCorkle v. Brem,* 76 N. C., 407; where serious questions were raised, *Harrington v. Rawls,* 131 N. C., 40; or where reasonably necessary to protect plaintiff's rights, *Heilig v. Stokes,* 63 N. C., 612. . . . On a similar question, in *Hyatt v. DeHart,* 140 N. C., 270, the *Chief Justice* said: 'Ordinarily, the findings of fact by the judge below are conclusive on appeal. While this is not true as to injunction cases, in which we look into and review the evidence on appeal, still there is the presumption always that the judgment and proceedings below are correct, and the burden is upon the appellant to assign and show error.' "

We think on the whole record, the restraining order should not have been dissolved. *Woltz v. Safe Deposit Co., ante,* 239; *Whitaker v. Chase, ante,* 335. The judgment of the court below is

Reversed.