JOHN S. BOUSHIAR, ALSO KNOWN AS NIMER BOUSHIAR ACHKAR, ET AL. v. CAROLINE H. WILLIS, ADMINISTRATRIX, ET AL.

(Filed 1 January, 1935.)

**Injunctions D b—**

Equity will generally continue a temporary restraining order to the hearing upon a proper showing for injunctive relief when it appears that no harm can come to respondents from its continuance, and great injury might result to petitioners from its dissolution.

APPEAL by defendants from *Daniels, J.,* at May Term, 1934, of CRAVEN.

Civil action to restrain execution and delivery of deed under power of sale contained in deed of trust, for an accounting, and for further relief.

Temporary injunction and order to show cause issued 3 May, 1934, returnable 16 May before Hon. F. A. Daniels at New Bern, N. C.

The defendants pleaded, by answer, the pendency of another action between some of the parties to the present proceeding; and upon the

return of the show-cause order, demanded that the temporary restraining order be dissolved and the present action dismissed.

It was adjudged "that the restraining order issued herein be and the same is hereby continued until the final hearing in this cause," from which the defendants appeal "on the ground that his Honor was in error in continuing the restraining order to the final hearing."

*Greer & Greer and R. A. Nunn for plaintiffs.*
*D. H. Willis and Ward & Ward for defendants.*

STACY, C. J. The temporary restraining order was properly continued to the hearing. *Wentz v. Land Co.,* 193 N. C., 32, 135 S. E., 480.

It is the general practice of equity courts, upon proper showing for injunctive relief, to continue the temporary restraining order to the final hearing, when it appears that no harm can come to the respondents from such continuance, and great injury might result to the petitioners from a dissolution of the injunction. *Parker Co. v. Bank,* 200 N. C., 441, 157 S. E., 419; *Thomason v. Swenson,* 204 N. C., 759, 169 S. E., 620. "Where it will not harm the defendant to continue the injunction, and may cause great injury to the plaintiff if it is dissolved, the court generally will restrain the party until the hearing"—*Walker, J.,* in *Seip v. Wright,* 173 N. C., 14, 91 S. E., 359.

This is the only point presented by the appeal.

There is no finding that the prior action is for the same cause, and that they are substantially alike. Indeed, the two are apparently dissimilar. *Buchanan v. Milling Co.,* 200 N. C., 52, 156 S. E., 140.

Affirmed.