D. R. HINKLE AND T. R. STYERS v. GUY SCOTT, SHERIFF OF FORSYTH COUNTY, AND PAUL MARSHALL, CHIEF OF POLICE OF THE TOWN OF KERNERSVILLE, NORTH CAROLINA.

(Filed 9 June, 1937.)

1. **Appeal and Error § 45a—Findings to support judgment will be presumed in absence of request for findings of fact.**

   In this proceeding to enjoin defendant officers from seizing certain slot machines upon allegations that the machines were lawful, the court treated the complaint and answer denying their legality as affidavits, and heard contentions of counsel in regard to the mechanical operation of the machines, and entered judgment dissolving the temporary restraining order theretofore entered in the cause. The judgment did not find the facts and plaintiffs made no request for findings. *Held:* On appeal, it will be presumed that the court found facts sufficient to support the judgment, and the judgment will be affirmed.

2. **Gaming § 1—**

   The payment of State and county license tax on slot machines does not justify the operation of the machines if they are illegal under the provisions of chs. 37 and 282, Public Laws of 1935.

STACY, C. J., dissenting.

CONNOR, J., concurs in dissent.

APPEAL by plaintiffs from *Armstrong, J.,* at November Term, 1936, of FORSYTH. Affirmed.

Action to restrain the sheriff of Forsyth County and the chief of police of Kernersville from interfering with plaintiffs' operation of certain slot machines. From judgment dissolving the temporary restraining order, plaintiffs appealed.

*W. Reade Johnson and W. H. Yarborough, Jr., for plaintiffs.*
*No counsel for defendants.*

DEVIN, J. It is alleged in the third and fourth paragraphs of the complaint that each of the plaintiffs has paid State and county license "for the privilege of operating certain coin operated devices known as predictable slot machines in that the operator thereof can ascertain in advance of each and every play, and before said play is made, the exact result thereof, and that the plaintiffs say and allege by reason of the fact that the result of each and every play is predictable before said play is made that said machines and the operation thereof are legal under the law of North Carolina." The defendants, in answer to paragraphs three and four of the complaint, say: "It is admitted the plaintiffs purchased State and county license; all other allegations in said paragraphs, not herein admitted, are denied."

Paragraph five of the complaint contains the further allegation that defendants, the sheriff of the county and the chief of police of Kernersville, have notified plaintiffs of their intention to take possession of said predictable machines and to prevent the use thereof, and that unless these officers be restrained plaintiffs will suffer loss of money paid for license and the loss of profits from the operation of the machines. In answer to paragraph five defendants say, "The allegations contained in paragraph five are admitted, except it is denied that said machines are legal."

In the judgment it is recited that "upon consideration of the facts set forth in the complaint and the admissions and denials in the answer, the same being considered as affidavits for the purpose of this hearing, and upon further consideration of contentions of counsel with respect to the mechanical operation of said machines, the court is of opinion that the temporary restraining order should not be continued to the hearing."

By chapters 37 and 282 of the Public Laws of 1935, an unlawful slot machine was substantially defined as one adapted for use in such a way that as a result of the insertion of a coin such machine may be operated, and, by reason of any element of chance over which the operator cannot have any control over the outcome of the operation of such machine each and every time it is operated, the user may receive something of

HINKLE v. SCOTT.

value. It was further enacted that the possession, operation, or ownership of such machines should constitute a misdemeanor, and the machines were declared to be public nuisances. The State and counties were prohibited from levying or collecting license for such machines. These acts were construed by this Court in *S. v. Humphries,* 210 N. C., 406.

That the slot machines, referred to in the complaint in the instant case, were in all respects legal was denied in the answer. The court below considered also the mechanical operation of the slot machines as contended by counsel. No findings of fact appear in the judgment, nor was request made therefor; hence, it will be presumed that the court found sufficient facts to support the judgment (*Dunn v. Wilson,* 210 N. C., 493; *Angelo v. Winston-Salem,* 193 N. C., 207). There was averment of anticipated money loss, but no allegation of irreparable injury, or insolvency of defendants, and by reason of the continued operation of the machines, which seems to have been permitted by the appeal, no substantial loss has been caused the plaintiffs. It will be noted that by chapter 196, Public Laws of 1937, effective 1 July, 1937, additional provisions were enacted with reference to slot machines, and their possession and operation made unlawful. The payment of State and county license tax on slot machines would not justify the operation of those machines which come within the definition of unlawful devices set forth in the statutes.

The ruling of the court below in declining to restrain law enforcement officers from taking steps to prevent the operation of slot machines, which are contended to be within the prohibition of the statutes as public nuisances, on the record before us, must be

Affirmed.

STACY, C. J., dissenting: The only suggestion of illegality of the slot machines in question is the bare *ipsi dixit* of the sheriff, "it is denied that said machines are legal." Thus, upon this denial, which is a mere conclusion, it is presumed by the majority "that the court found sufficient facts to support the judgment." No such presumption can be indulged when all the evidence is before us and there is none to support it. *Dunn v. Wilson,* 210 N. C., 493. Even findings without evidence are unavailing. *Howard v. Board of Education,* 189 N. C., 675, 127 S. E., 704. The present holding is at variance with the decision in *Hospital v. Rockingham County, ante,* 205; *Flemming v. Asheville,* 203 N. C., 810, 167 S. E., 77; and *Smith v. Comrs.,* 191 N. C., 775, 133 S. E., 1.

Under the principles heretofore established, the plaintiffs are denied the equal administration of the laws. *Advertising Co. v. Asheville,* 189

HINKLE v. SCOTT.

N. C., 737, 128 S. E., 149; *Sanders v. Ins. Co.,* 183 N. C., 66, 110 S. E., 597; *Tomlinson v. Cranor,* 209 N. C., 688, 184 S. E., 554. A government that demands and accepts $3,700 in license taxes for the privilege of operating said machines, as it has done here, ought, at least, to hear the plaintiffs on the question of the legality of their business, and not leave it to the sheriff to determine. The courts are open to all alike. To be just to everyone, regardless of race, color, creed, or condition, whether high or low, rich or poor, saint or sinner, is the first and foremost duty of a State. Of course, this is what the defendant contends has been done in the instant case, but he is not the one to decide the matter.

It is the general practice of equity courts, upon a *prima facie* showing for injunctive relief, to continue the restraining order to the hearing, when it appears that no harm can come to the defendant from such continuance, and great injury might result to the plaintiff from a dissolution of the injunction. *Little v. Trust Co.,* 208 N. C., 726, 182 S. E., 491; *Boushiar v. Willis,* 207 N. C., 511, 177 S. E., 632; *Porter v. Ins. Co., ibid.,* 646, 178 S. E., 223; *Troutman v. Shuford,* 206 N. C., 909, 174 S. E., 230; *Thomason v. Swenson,* 204 N. C., 759, 169 S. E., 620; *Parker v. Bank,* 200 N. C., 441, 157 S. E., 419; *Cullins v. State College,* 198 N. C., 337, 151 S. E., 646; *Wentz v. Land Co.,* 193 N. C., 32, 135 S. E., 480; *Hurwitz v. Sand Co.,* 189 N. C., 1, 126 S. E., 171. "Where it will not harm the defendant to continue the injunction, and may cause great injury to the plaintiff if it is dissolved, the court generally will restrain the party until the hearing"—*Walker, J.,* in *Seip v. Wright,* 173 N. C., 14, 91 S. E., 359.

The plaintiffs are entitled to invoke the procedure heretofore established by the decisions. This is all they are now asking.

What is said in reference to the 1937 act should be regarded as *obiter.* The statute is not applicable to the present controversy, and it is not before us for interpretation or construction. It could hardly be that all slot machines, including scales, music boxes, vending machines, etc., are made unlawful by the act. *S. v. Brockwell,* 209 N. C., 209, 183 S. E., 378. See dissenting opinion in *S. v. Humphries,* 210 N. C., 406, 186 S. E., 473.

CONNOR, J., concurs in dissenting opinion.