JAMES P. TOMBERLIN v. O. O. BACHTEL.

(Filed 23 March, 1938.)

1. **Gaming § 1—Slot machine is illegal under laws of 1935 if the result of its operation is affected by the element of chance.**

Under the provisions of ch. 37 and ch. 282, Public Laws 1935, a slot machine which may or may not return to the operator a thing of value is illegal if the result of its operation is affected by the element of chance so that the operator cannot predict the result in advance, and an instruction that a slot machine is illegal if the result of its operation is not dependent wholly or in part upon practice or skill *is held* erroneous as charging in effect that a machine would not be illegal if the result of its operation is dependent in any degree upon the skill of the operator.

2. **Appeal and Error § 41—**

When a new trial is awarded on one exception, other exceptive assignments of error need not be considered.

APPEAL by defendant from *Johnston, J.,* at November Term, 1937, of BUNCOMBE. Reversed.

This was an action to recover damages for breach of contract relative to the ownership and operation of certain slot machines, instituted in the general county court of Buncombe County.

From judgment in the general county court on verdict for plaintiff the defendant appealed to the Superior Court, assigning errors in the trial. In the Superior Court all defendant's assignments of error were overruled and the judgment of the general county court affirmed.

From the judgment of the Superior Court the defendant appealed to the Supreme Court, preserving the exceptions noted in the trial court.

*DuBose & Orr for plaintiff, appellee.*
*Jones, Ward & Jones for defendant, appellant.*

DEVIN, J. This is the same case which was considered by this Court at Spring Term, 1937, and is reported in 211 N. C., 265. The action

related to the operation of slot machines, and the defendant pleaded that the machines, for the operation of which the contract sued on was alleged to have been made, were illegal gambling machines as defined by the statutes and the decisions of this Court.

One of the material issues submitted to the jury was the following:

"Was the contract sued on illegal in that it constituted a gambling transaction as condemned by law?" Upon this issue the trial judge charged the jury as follows:

"Gentlemen, if you find from the evidence, by the greater weight of the evidence, that the machines and tables which were placed out and operated by the defendant and the plaintiff or any of them were operated in such way that the operator depended entirely upon chance, that the result of the operation was not predictable or determinable by him in advance, was not dependent wholly or in part upon the skill and practice of the operator, and that the result of the operation would pay the operator something in the way of value, slug or token or merchandise, or the right to play the machine again, those two things concurring, if the defendant has satisfied you by the greater weight of the evidence in this case that, first, that the result of the play was unpredictable to the operator or that it was not dependent wholly or in part upon practice and skill of the operator, and second, that the result of the operation might or might not pay the operator something of value, such as I have described to you, then you would answer this issue 'Yes,' but if you are not so satisfied and find that the play of the machine was dependent wholly or in part upon the skill and practice of the operator, and that it did not pay a thing of value, even though it paid upon chance, then you would answer this issue 'No.' "

The statutes defining illegal slot machines, prohibiting their operation and rendering unlawful any agreement with reference to their use (ch. 37 and ch. 282, Public Laws 1935) were in force at the time of the transactions to which this action relates. These statutes were considered by this Court in *S. v. Humphries,* 210 N. C., 406, 186 S. E., 473. In that case it appeared that in the operation of the slot machine, by reason of the element of chance, the result was unpredictable, and that the operator could not predict in advance whether he would receive something or nothing. The defendant offered to show that the skill of the operator had something to do with the result. This evidence was excluded by the trial judge, and on appeal this ruling was affirmed by this Court, and in construing the pertinent statutes the Court used this language: "If the machine is rendered unlawful by reason of the fact that the element of chance is present, and that from its operation the result is unpredictable, its unlawfulness is not affected by the further fact that the machine may also sell merchandise or present entertainment, dis-

connected from such element of chance, or when the outcome is not dependent on skill." *Hinkle v. Scott,* 211 N. C., 680.

In his charge in the instant case the trial judge instructed the jury that, before they could find that the slot machines were illegal and thus answer the issue in favor of the defendant, they must find that the result of the operation of the machines was unpredictable to the operator, "or that it was not dependent wholly or in part upon the practice and skill of the operator." This portion of the charge is subject to the criticism that in effect the jury was instructed that, in order to establish the illegality of the slot machines, it must be found that the result of their operation was not dependent to any extent upon the skill or practice of the operator—that is, that the result was unaffected by the element of skill. The language in which the instruction on this point was couched was tantamount, therefore, to instructing the jury that the slot machines would not be illegal if the result of their operation was to any extent dependent on the skill of the operator, notwithstanding the fact that by reason of the element of chance the result was unpredictable and the operator might or might not receive something of value. In this there was error.

We conclude that the defendant's exception to the instruction given the jury on the quoted issue should have been sustained.

As this requires a new trial we deem it unnecessary to discuss the other exceptions noted at the trial and brought forward in defendant's assignments of error. The judgment of the Superior Court is reversed, with direction that the cause be remanded to the general county court for a new trial.

Reversed.