DR. R. G. ROSSER, J. M. TYSON, W. D. McGRANEY and A. K. THOMPSON
v. W. D. MATTHEWS, Commissioner.

(Filed 2 February, 1940.)

**1. Appeal and Error § 40a—**

In injunction proceedings where there is no request that the court find the facts, it will be presumed on appeal that the court found facts sufficient to support its judgment.

**2. Appeal and Error § 37c—**

On appeal in injunction proceedings the Supreme Court has the power to find and review the findings of fact.

**3. Taxation § 40c—Taxpayer may not enjoin foreclosure of lands for taxes on ground of mismanagement of its fiscal affairs by the taxing unit.**

Where judgments of foreclosure of lands for nonpayment of taxes are regularly entered according to the usual course and practice of the court, after personal service on the landowners, who file answer, their attempt to restrain sale by the commissioner on the ground of insufficient notice

of the judgments is not supported by the record, nor may they restrain the sale on the ground of mismanagement and negligence on the part of the taxing unit in handling its fiscal affairs.

**4. Same: Judgments § 22b—**

The procedure to attack judgments of foreclosure of lands for non-payment of taxes on the ground of want of sufficient notice of such judgments is by motion in the cause and not by independent action against the commissioner to restrain him from selling the lands as directed by the judgment.

APPEAL by plaintiffs from *Phillips, J.,* at April Term, 1939, of MOORE. Affirmed.

Action to restrain sale of land under judgment of foreclosure. From an order dissolving the temporary restraining order, plaintiffs appealed.

*H. F. Seawell, Jr., and S. R. Hoyle for plaintiffs.*
*U. L. Spence and W. Duncan Matthews for defendant.*

DEVIN, J. The town of Vass instituted tax foreclosure suits against the several plaintiffs to sell lands for the nonpayment of taxes. The summonses, together with copies of complaints, were duly served, and the plaintiffs, defendants in those actions, filed answers. Judgments in those suits were rendered in favor of the town 1 April, 1937, and the defendant Matthews was appointed commissioner of the court to make the sales after due advertisement. The defendant commissioner, pursuant to the judgments, advertised the sales for 6 February, 1939, and on that date these plaintiffs instituted independent action against the commissioner and obtained a temporary restraining order restraining the sales. Thereafter, upon due notice and hearing upon the pleadings, the restraining order was dissolved.

The plaintiffs set up as grounds for this action and for restraining the commissioner's sale that the judgments taken against them were without notice to them, and that the judgments were contrary to law for the alleged reason that they as individuals received no benefits from the town; that tax money had not been properly applied, and some was negligently lost in a bank failure, and that a bonded indebtedness had been wrongfully placed upon the town.

The facts set up in the answer tended to show proper service and notice to the plaintiffs of the foreclosure suits; that these suits were regularly calendared for trial at a regular term of the Superior Court of the county; that they were duly reached for trial, and the defendants consented to waive jury trial and that the court should find the facts; that the presiding judge, Frank S. Hill, entered the judgments of foreclosure according to the usual course and practice of the courts, and

appointed the defendant commissioner to sell; that several of the plaintiffs have at times been officers of the town, and that they receive the same benefits as others in same situation; that some of these same plaintiffs instituted suit relative to the issuance of the bonds of the town in 1929, and the action was decided in favor of the town; that if any money was lost by reason of failure of the bank it was not the fault of the town, and this could not be interposed now as a defense to an action for nonpayment of taxes.

The facts set up in the answer are sufficient to sustain the action of the court below in dissolving the restraining order. While the court made no findings of fact, there was no request that he do so. In the absence of such request it will be presumed that sufficient facts were found to support the judgment. *Dunn v. Wilson,* 210 N. C., 493, 187 S. E., 802; *Hinkle v. Scott,* 211 N. C., 680, 191 S. E., 512. Furthermore, this Court has power to find and review the findings of fact on appeal in injunction proceedings. *Angelo v. Winston-Salem,* 193 N. C., 207, 136 S. E., 489; *Dennis v. Redmond,* 210 N. C., 780, 188 S. E., 807.

It may also be said that there are no facts set up in the complaint that would justify the court in restraining the commissioner who had been duly appointed under judgments of foreclosure in actions based upon the nonpayment of taxes. The plaintiffs allege in their complaint that they filed answers to the tax suits, but complain that they had no opportunity to present their defenses to the court. The facts appear to the contrary. But if there had been insufficient notice of the judgments, application for relief should have been by motions in the cause and not by independent action against the commissioner appointed by the court. C. S., 600; *Fowler v. Fowler,* 190 N. C., 536, 130 S. E., 315; *Buncombe County v. Penland,* 206 N. C., 299, 173 S. E., 609.

The judgment dissolving the restraining order is
Affirmed.