H. A. PARRIS v. H. G. FISCHER & COMPANY.

(Filed 19 March, 1941.)

**1. Appeal and Error § 40a: Process § 6b—**

In the absence of a request by defendant that the court find the facts supporting its conclusion that defendant was doing business in this State, it will be presumed that the court found facts sufficient to support its conclusion, and if there is sufficient evidence appearing in the record to support the court's ruling, the ruling will be sustained.

**2. Process § 6b—Evidence held sufficient to support conclusion that defendant was doing business in this State for purpose of service under C. S., 1137.**

Defendant was a nonresident corporation engaged in the business of manufacturing and selling electro-surgical medical equipment. The evidence tended to show that defendant maintained dealer-representatives in this State, that one of them sold a machine to plaintiff under a title retaining conditional sales contract, that he executed the contract for and in the name of the defendant, that defendant accepted the contract, that thereafter the dealer-representative made two visits to plaintiff for the purpose of collecting installments due, and on his last visit undertook collection by repossession of the property, and that defendant wrote letters to plaintiff justifying its agent's repossession. *Held:* The evidence discloses that the agent was more than a mere broker or factor, and is sufficient to sustain the conclusion of law by the court that defendant was doing business in this State within the meaning of C. S., 1137, authorizing service of process on the Secretary of State.

**3. Same—**

The meaning of the phrase "doing business in this State" as used in C. S., 1137, is not susceptible to an all embracing definition, and each case must be decided upon the particular facts therein appearing, the general criteria being that a foreign corporation is doing business in this State if it transacts in this State the business it was created and authorized to do, through representatives in this State, and thus is present in this State through the person of its representatives.

**4. Same—Phrase "doing business in this State" connotes some degree of continuity, but proof that agent did business for defendant and that defendant maintained agents in this State is sufficient.**

While the phrase "doing business in this State" connotes some degree of continuity and an isolated instance is insufficient to support service

PARRIS *v.* FISCHER & CO.

of process under C. S., 1137, evidence that defendant nonresident corpora-
tion maintained dealer-representatives in this State, and that in the par-
ticular instance in suit the corporation was doing business in this State
through its dealer-representative, *is held* sufficient to support service of
process under C. S., 1137, since the fact that it employed dealer-representa-
tives for the purpose of selling its products and carrying on its business,
presumably in a similar manner, implies a sufficient continuity of conduct
within the purview of the statute.

APPEAL by defendant from *Nimocks, J.,* at October Term, 1940, of
NORTHAMPTON. Affirmed.

Action to recover damages for alleged wrongful seizure of certain
personal property. The plaintiff is a physician resident in Northamp-
ton County, and the defendant is an Illinois corporation engaged in the
manufacture and sale of electro-surgical medical equipment.

Plaintiff attempted to bring defendant into court by service of process
on the Secretary of State in accord with the provisions of C. S., 1137.
Defendant entered special appearance and moved to strike out the pur-
ported service of summons on the ground that defendant was not doing
business in this State and had no property therein. The court found as
a fact that defendant was doing business in the State, and denied the
defendant's motion.

It is alleged in the verified complaint that the property in question,
a short wave therapeutic machine, was purchased by plaintiff from de-
fendant through its representative, and payment secured by a conditional
sale contract, providing payment in monthly installments, defendant
accepting in part payment plaintiff's own therapeutic machine. Plain-
tiff alleged that, in consequence of false representations in the sale and
defendant's failure to make adjustment, the violation of his home in the
wrongful seizure of this property by defendant's agent constituted an
actionable wrong for which damages were prayed.

The following letter from defendant to plaintiff, under date of 3 April,
1940, was offered: "Under date of March 30th, our dealer representa-
tive, Mr. George F. Hatch, of Henderson, wrote us that he had made
a second trip to Rich Square to see you but unfortunately did not find
you in although he waited over an hour. As he is located quite a dis-
tance from you and because of the press of business he has not been able
to get into your territory very often lately, when he noticed that your
door was left open so that anyone might enter and found that the Short
Wave was apparently not being used as it was covered with dust, he
decided the best thing to do was to take it back to Henderson with him.
This, of course, is strictly in accordance with our legal rights as your
contract was in default. However, we are indeed sorry that he was
unable to see you personally and demonstrate the machine to your satis-

faction so that you might reinstate the contract by bringing it up to date."

'Also another letter from defendant to plaintiff, dated 12 April, 1940, was offered: "Under date of November 16, 1939, you signed a conditional sale contract, covering the purchase of a Model 'S' Short Wave outfit. You agreed by this contract, to pay us $14.10 a month beginning January 1, 1940, for a period of 23 months and a final payment of $17.30 to be paid December 1, 1941. When you signed the contract you acknowledged the outfit to be in perfect working order as represented and you agreed to make the payments. On December 11, 1939, we mailed you a schedule of your payments and we asked you, at that time, to notify us if there were any irregularities. You did not notify us at that time that there were and we naturally assumed that everything was okay. Our Dealer Representative, Mr. Hatch, went to Rich Square on March 30th, which was the second time he was there, but was unable to see you. Your place of business was wide open and Mr. Hatch removed the Short Wave machine. We would be very glad to instruct Mr. Hatch to replace the machine in your office upon receipt of certified check for $56.40, covering the first four installments, which are delinquent."

The conditional sale contract was offered showing sale of the machine by the defendant to the plaintiff for $401.60, subject to credit of $60.00 (for plaintiff's own machine), payable in monthly installments. This contract provided that the title to the property should remain in the defendant corporation until the payment in full of the purchase price, and was signed by the plaintiff, and on behalf of the defendant by Geo. F. Hatch, "dealer representative." At the time of repossessing the machine defendant's representative left a note for the plaintiff in which he said, "We have taken out the machine," and signed it as representing the defendant.

Defendant offered affidavits of its treasurer and of Geo. F. Hatch, setting out its method of doing business through dealer-representatives in North Carolina, who were limited in authority to the sale of defendant's products on a discount basis, offers to purchase to be accepted by defendant at its home office.

The defendant excepted to the ruling of the court below in denying its motion to strike out the service of summons, and appealed.

*V. D. Strickland for plaintiff, appellee.*
*Eric Norfleet for defendant, appellant.*

DEVIN, J. It was conceded that the defendant is a foreign corporation without process agent or property in the State, and that service of process could only be had under the provisions of C. S., 1137, upon the

ground that it was "doing business in this State." It was found as a
fact in the court below that defendant was doing business in the State,
and that finding constituted the basis upon which defendant's motion for
dismissal for want of lawful service was denied.

There was no request that the court find the supporting facts upon
which its conclusion that defendant was doing business in the State was
based, and hence it will be presumed that the court found sufficient facts
to support its conclusion. *Rosser v. Matthews,* 217 N. C., 132, 6 S. E.
(2d), 849; *Hinkle v. Scott,* 211 N. C., 680, 191 S. E., 512. If the
finding by the court below that defendant was doing business in this
State is supported by evidence appearing in the record, the ruling against
defendant's motion must be upheld. *Brown v. Coal Co.,* 208 N. C., 50,
178 S. E., 858. This necessitates an examination of the record to deter-
mine if there was evidence of facts sufficient to sustain the ruling.

It appears that defendant is engaged in the business of manufacturing
and selling electro-surgical medical equipment, including short wave
therapeutic machines, and for that purpose maintains "dealer-representa-
tives" in this State. The number and specific territory of these repre-
sentatives did not appear. One of them is Geo. F. Hatch, who, as such,
transacted the business with plaintiff. He sold to the plaintiff one of
defendant's short wave therapeutic machines, and took in part payment
an old machine of plaintiff. He also had plaintiff execute a conditional
sale contract, as security for the balance of the purchase price, payable
to the defendant, and this was signed on behalf of defendant by Mr.
Hatch, and accepted by defendant. This contract provided, among other
things, that the title to the machine sold should remain in the defendant
corporation until the payment in full of the purchase price. Some four
months later, the plaintiff having, as defendant contended, failed to make
all the payments agreed on, Geo. F. Hatch, acting for and on behalf of
the defendant, entered the home of plaintiff, in his absence, and took
possession of the machine, under circumstances which gave rise to plain-
tiff's action. Thereafter, the defendant, in a letter to plaintiff, advised
him of the action taken by Mr. Hatch, and in justification of the seizure
of the property said, "This, of course, is strictly in accordance with our
legal rights, as your contract was in default." Subsequently, defendant
again wrote plaintiff about the matter, saying: "We would be very glad
to instruct Mr. Hatch to replace the machine in your office upon receipt
of certified check for $56.40, covering the first four installments which
are delinquent."

It would seem reasonably clear that this evidence would tend to sup-
port the conclusion that in this instance the defendant was doing the
business in North Carolina for which the corporation was created,
through its representative, and was thus present in his person. The evi-

dence tends to show that its representative sold defendant's products to plaintiff, executed for it and in its name conditional sale contract, title to the property being retained by defendant corporation; that on behalf of the defendant he made two visits to plaintiff for the purpose of collecting installments due, and on his last visit undertook collection by repossessing the property; that he was apparently under the control of the defendant—subject to its instructions—and that his actions in the premises were ratified and approved by the defendant, as shown by its letters. This conduct on the part of Hatch transcends the functions of a mere factor or commission merchant who distributes the goods of a manufacturer on commission. As was said in *R. R. v. Cobb,* 190 N. C., 375, 129 S. E., 828: "He who acts as distributor for another and not merely as distributor of goods manufactured by the other, acts as his agent."

The right of the State to impose, as a condition upon which corporations may be permitted to do business in the State, that they will accept, as sufficient, service of process on a designated person, is well settled. *Lunceford v. Assn.,* 190 N. C., 314, 129 S. E., 805; *Anderson v. Fidelity Co.,* 174 N. C., 417, 93 S. E., 948; *Peoples Tob. Co. v. Am. Tob. Co.,* 246 U. S., 79; *International Harvester Co. v. Ky.,* 234 U. S., 579; *Am. Asphalt Roof Corp. v. Shankland,* 205 Iowa, 862, 219 N. W., 28; *St. Clair v. Cox,* 106 U. S., 350.

The statute, C. S., 1137, provides that jurisdiction of our courts to entertain suits against foreign corporations, having no property or process agent in the State, may be acquired by service of summons on the Secretary of State, who is thus designated for the purpose, when the corporation is "doing business in this State."

The meaning of the phrase "doing business in this State" was considered in an able opinion written for this Court by *Winborne, J.,* in *C. T. H. Corp. v. Maxwell,* 212 N. C., 803, 195 S. E., 36, where numerous authorities on the subject are cited. While no all-embracing definition of these words as used in the statute has been attempted (*Timber Co. v. Ins. Co.,* 192 N. C., 115, 133 S. E., 424; *Peoples Tob. Co. v. Am. Tob. Co.,* 246 U. S., 79), each case being decided by the Court upon the facts brought before it, the following criteria were suggested in an opinion by *Connor, J., in Commercial Trust v. Gaines,* 193 N. C., 233, 136 S. E., 609: "It has been generally held that a foreign corporation cannot be held to be doing business in a state, and therefore subject to its laws, unless it shall be found as a fact that such corporation has entered the state in which it is alleged to be doing business, and there transacted, by its officers, agents or other persons authorized to act for it, the business in which it is authorized to engage by the state under whose laws it was created and organized. The presence within the state of such officers,

agents or other persons, engaged in the transaction of the corporation's business with citizens of the state, is generally held as determinative of the question as to whether the corporation is doing business in the state." In *Ruark v. Trust Co.*, 206 N. C., 564, 174 S. E., 441, *Stacy, C. J.*, succinctly states the rule in this way: "The expression 'doing business in this State,' as used in C. S., 1137, means engaging in, carrying on or exercising, in this State, some of the things, or some of the functions, for which the corporation was created."

The general rule was laid down in *Peoples Tob. Co. v. Am. Tob. Co.*, 246 U. S., 79, as follows: "The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the State or district where service is attempted." *Consolidated Textile Corp. v. Gregory;* 289 U. S., 85.

It was said in *Fond du Lac. C. & B. Co. v. Henningsen P. Co.*, 141 Wis., 70: "A corporation ordinarily acts and moves in the person of some individual, and when any individual, officer, or agent is, within the authority committed to him, performing an act of the corporation, the latter must be deemed present physically in the person exercising its powers." *Atkinson v. U. S. Op. Co.*, 129 Minn., 232. In *St. Louis S. W. R. Co. v. Alexander*, 227 U. S., 218, it was said: "In a general way it may be said that the business must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served."

The conclusion that the evidence appearing in the record in the instant case tends to support the finding that the defendant was doing business in the State is in accord with the general consensus of judicial opinion. *International Harvester Co. v. Kentucky*, 234 U. S., 579; *Penn. L. F. M. Ins. Co. v. Meyer*, 197 U. S., 407; *Conn. Mutual Accident Co. v. Davis*, 213 U. S., 245; *St. Louis S. W. R. Co. v. Alexander*, 227 U. S., 218; *Browning v. Waycross*, 233 U. S., 16; *Case v. Mills Novelty Co.*, 193 So., 625; *Clement v. Coon*, 161 Okl., 216; *International Shoe Co. v. Lovejoy*, 257 N. W., 576; *Grams v. Harvester Co.*, 105 Wash., 602; *Oil Co. v. Baccus*, 207 Ala., 75; 101 A. L. R., 126; 60 A. L. R., 994; 23 Am. Jur., 333, *et seq.;* 20 C. J. S., 150.

The defendant, however, contends that, even if it be properly found that in this particular instance defendant corporation transacted, through its representative, the business with the plaintiff of which he now complains, this was a single isolated instance and insufficient to constitute doing business in the State within the meaning of the statute.

Undoubtedly the rule is that a single act, contract or transaction within the State by a foreign corporation will not, ordinarily, be regarded as

doing business therein.    23 Am. Jur., 353; *C. T. H. Corp. v. Maxwell, supra.*    The doing of a single act pertaining to a particular transaction will not be considered doing business, as the phrase denotes some degree of continuity.    *Am. Asphalt Roof Corp. v. Shankland,* 205 Iowa, 862; *Metal Door & Trim Co. v. Hunt,* 170 Okl., 240; *Cooper Mfg. Co. v. Ferguson,* 113 U. S., 727; 20 Am. Jur., 155; *Penn Colleries v. McKeever,* 83 N. Y., 98.    But this rule does not apply when the evidence permits the inference that the act is done pursuant to a course of business, and indicates the intention to engage in a continuing business in the State, rather than in a single, isolated transaction.    *Int. Harvester Co. v. Ky.,* 234 U. S., 579; *International Text Book Co. v. Pigg,* 217 U. S., 91; *Colorado Iron Works v. Sierra Grande Mining Co.,* 15 Col., 499; *Glass Mfg. Co. v. Superior Court, King County,* 166 Wash., 41; *Moore v. Racine Rubber Co.,* 194 Ky., 106; *Dobson v. Maytag Sales Co.,* 292 Mich., 107; 23 Am. Jur., 354-355; 20 C. J. S., 166.

In *International Harvester Co. v. Kentucky,* 234 U. S., 579, where it was held that the Harvester Company was doing business in Kentucky when it appeared that its representatives, though limited in authority, were soliciting orders in that state for the sale of its goods to be shipped there, the Court said: "Here was a continuous course of business in the solicitation of orders which were sent to another state, and in response to which the machines of the Harvester Company were delivered in the State of Kentucky.    This was a course of business, not a single transaction."

Here there is evidence tending to support the finding that the defendant corporation was doing business in the State, making a continuous, not merely casual or incidental, effort to sell its products in this State. Its representative, located in Henderson, was carrying on the business for the defendant and not for himself.    The employment of other representatives in the State in like capacity as Geo. F. Hatch for the purpose of selling its products, and carrying on its business, presumably in a similar manner, implies continuity of conduct in that respect, sufficient to afford evidence that the defendant was engaged in business within the State.    60 A. L. R., 994; 20 C. J. S., 155.

The decision of this Court in *Plott v. Michael,* 214 N. C., 665, 200 S. E., 429, was based on different facts from those here appearing.    In that case it was held that the presence in the State of a traveling salesman of a foreign corporation, who merely took orders, subject to approval at the home office of the corporation, for goods to be subsequently shipped into the State, did not constitute doing business in the State on the part of the corporation.

We conclude that there was evidence appearing in the record to support the finding of the court below that defendant was doing business in

this State, and that defendant's motion to strike out the service of summons under C. S., 1137, was properly denied. The judgment of the Superior Court is

Affirmed.